## KESSLER *v.* ELDRED.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE
SEVENTH CIRCUIT.

No. 196. Submitted April 17, 1907.—Decided May 13, 1907.

Rights between litigants once established by the final judgment of a court of competent jurisdiction must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound thereby.

The defeated party in an infringement suit will be restrained by a court of equity from interfering with the business of the successful defendant by bringing infringement suits based on the same patents against the customers of the latter.

THIS case comes to this court from the Circuit Court of Appeals for the Seventh Circuit upon a certificate of that court of questions of law concerning which it desires instructions. Accompanying the certificate is a statement of facts. The statement of the facts and the certificate of the questions of law are as follows:

Kessler, a citizen of Indiana, prior to 1898 had built up an extensive business in the manufacture and sale of electric cigar lighters, and had customers throughout the United States. Eldred, a citizen of Illinois, and an inhabitant of the Northern District, was the owner of patent No. 492,913, issued to Chambers on March 7, 1893, for an electric lamp lighter. Eldred was a competitor of Kessler's and manufactured a similar form of lighter (entirely dissimilar from that described in the Chambers patent), so that it was not a matter of much importance to customers which lighter they bought. In 1898 Eldred began a suit against Kessler in the District of Indiana for the infringement of the Chambers patent. The bill alleged that Kessler's manufacture and sale of the Kessler lighter infringed all the claims. The answer denied that Kessler's lighter infringed any of the Chambers claims. On final hearing the Circuit Court found for Kessler on the issue of non-infringe-

ment and dismissed the. bill. That decree was affirmed in 1900 by the Circuit Court of Appeals for the Seventh Circuit. *Eldred* v. *Kessler,* 106 Fed. Rep. 509.

Subsequently, Eldred brought suit on the same patent in the Northern District of New York against Kirkland, who was selling a similar lighter, but not of Kessler's make. The Circuit Court found for Kirkland on the issue of non-infringement and dismissed the bill. The Circuit Court of Appeals for the Second Circuit reversed that decree and held the Kirkland lighter to be an infringement. *Eldred* v. *Kirkland,* 130 Fed. Rep. 342.

In June, 1904, Eldred filed a bill for infringement of the same patent in the Western District of New York against Breitwieser, user of Kessler lighters, which were identical with those held in *Eldred* v. *Kessler,* to be no infringement of the Chambers patent. Many. of Kessler's customers were intimidated by the Breitwieser suit, so that they ceased to send in further orders for lighters and refused to pay their accounts for lighters already sold and delivered to them. Kessler assumed the defense of the Breitwieser suit, and will be compelled in the proper discharge of his duty to his customers to assume the burden and expense of all suits which may be brought by Eldred against other customers. In this state of affairs Kessler, a citizen of Indiana, in July, 1904, filed a bill against Eldred in the Circuit Court for. the Northern District of Illinois, the. State and district of Eldred's citizenship and residence, to enjoin Eldred from prosecuting any suit in any court of the United States against anyone for alleged infringement of the Chambers patent by purchase, use or sale of any electric cigar lighter manufactured by Kessler and identical with the lighter in evidence before the Circuit Court for the District of Indiana and the Circuit Court of Appeals for the Seventh Circuit in the trial and adjudication of the suit of Eldred against Kessler. From an adverse decree by the Circuit Court Kessler perfected an appeal to this court.

Upon the foregoing. facts the questions of law concerning

which this court desires the instruction and advice of the Supreme Court are these: · ·

First. Did the decree in Kessler's favor, rendered by the Circuit Court for the District of Indiana in the suit of Eldred against Kessler, have the effect of entitling Kessler to continue the business of manufacturing and selling throughout the United States the same lighter he had theretofore been manufacturing and selling, without molestation by Eldred through the Chamber patent?

Second. Did the decree mentioned in the first question have the effect of making a suit by Eldred against any customer of Kessler's for alleged infringement of the Chambers patent by use or sale of Kessler's lighters a wrongful interference by Eldred with Kessler's business?

Third. Did Kessler's assumption of the defense of Eldred's suit against Breitwieser deprive Kessler of the right, if that right would otherwise exist, of proceeding against Eldred in the State and district of his citizenship and residence for wrongfully interfering with Kessler's business?

Fourth. If Eldred's acts were wrongful, had Kessler an adequate remedy at law?

*Mr. Robert S. Taylor* and *Mr. Elwin M. Hulse* for Kessler.

*Mr. Charles C. Linthicum* and *Mr. Louis K. Gillson* for Eldred.

Mr. Justice Moody, after making the foregoing statement, delivered the opinion of the court.

The industry of counsel has not discovered any decision on the exact questions presented by the certificate, and they agree that those questions are not settled by controlling authority. The decision of the case turns upon the effect of the judgment in the suit which Eldred brought against Kessler. Both manufactured and sold electric cigar lighters. Eldred, being

the owner of a patent issued to one Chambers for an electric lamp lighter, brought a suit against Kessler, in which it was alleged by the plaintiff and denied by the defendant that the cigar lighters manufactured by Kessler infringed each and all of the claims of the Chambers patent. On the issue thus joined there was final judgment for Kessler. This judgment, whether it proceeds upon good reasons or upon bad reasons, whether it was right or wrong, settled finally and everywhere, and so far as Eldred, by virtue of his ownership of the Chambers patent, was concerned, that Kessler had the right to manufacture, use and sell the electric cigar lighter before the court. The court, having before it the respective rights and duties on the matter in question of the parties to the litigation, conclusively decreed the right of Kessler to manufacture and sell his manufactures free from all interference from Eldred by virtue of the Chambers patent, and the corresponding duty of Eldred to recognize and yield to that right everywhere and always. After this conclusive determination of the respective rights and duties of the parties, Eldred filed a bill for an infringement of the same patent against Breitwieser, on account of his use of the same kind of Kessler cigar lighter which had been passed on in the previous case, and Kessler has assumed the defense of that suit. Whether the judgment between Kessler and Eldred is a bar to the suit of *Eldred* v. *Breitwieser*, either because Breitwieser was a privy to the original judgment, or because the articles themselves were by that judgment freed from the control of that patent, we deem it unnecessary to inquire. We need not stop to consider whether the judgment in the case of *Eldred* v. *Kessler* had any other effect than to fix unalterably the rights and duties of the immediate parties to it, for the reason that only the rights and duties of those parties are necessarily in question here. It may be that the judgment in *Kessler* v. *Eldred* will not afford Breitwieser, a customer of Kessler, a defense to Eldred's suit against him. Upon that question we express no opinion. Neither it nor the case in which it is raised are before us. But the question here

is whether, by bringing a suit against one of Kessler's customers, Eldred has violated the right of Kessler. The effect which may reasonably be anticipated of harassing the purchasers of Kessler's manufactures by claims for damages on account of the use of them, would be to diminish Kessler's opportunities for sale. No one wishes to buy anything, if with it he must buy a law suit. That the effect to be anticipated was the actual effect of the Breitwieser suit is shown by the statement of facts. Kessler's customers ceased to send orders for lighters, and even refused to pay for those which had already been delivered. Any action which has such results is manifestly in violation of the obligation of Eldred, and the corresponding right of Kessler, established by the judgment. Leaving entirely out of view any rights which Kessler's customers have or may have, it is Kessler's right that those customers should, in respect of the articles before the court in the previous judgment, be let alone by Eldred, and it is Eldred's duty to let them alone. The judgment in the previous case fails of the full effect which the law attaches to it if this is not so. If rights between litigants are once established by the final judgment of a court of competent jurisdiction those rights must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound by it. Having then by virtue of the judgment the right to sell his wares freely without hindrance from Eldred, must Kessler stand by and see that right violated, and then bring an action at law for the resulting damage, or may he prevent the infliction of the unlawful injury by proceedings *in personam* in equity? If Eldred succeeds in his suit against one of Kessler's customers, he will naturally bring suits against others. He may bring suits against others, whether he succeeds in one suit or not. There may be and there is likely to be a multiplicity of suits. It is certain that such suits if unsuccessful would at the same time tend to diminish Kessler's sales and to impose upon him the expense of defending many suits in order to maintain the right which by a judgment has already been declared to exist. If the suits are

successful 'the result will be practically to destroy Kessler's judgment right. Moreover, though the impairment or de- struction of Kessler's right would certainly follow from the course of conduct which Eldred has begun, it would be difficult to prove in an action at law the extent of the damage inflicted. An action at law would be entirely inadequate to protect fully Kessler's unquestioned right, and under these circumstances, though there may be no exact precedent, we think that the jurisdiction in equity exists. Nor do we see any good reason why Kessler's interposition for the defense in the suit of *Eldred* v. *Breitwieser* debars him from his remedy in equity.

It follows from the foregoing reasoning that the first and second questions certified should be answered in the affirmative, and the third and fourth in the negative, and

*It is so ordered.*