## TRAITEL MARBLE CO. v. U. T. HUNGERFORD BRASS & COPPER CO.

(District Court, S. D. New York. July 15, 1926.)

1. Patents ⬅327—Adjudication of invalidity of patent, not appealed from, is law in subsequent patent infringement suit in same district.

Decree that patent is void for lack of invention, not appealed from, must be regarded as law in subsequent patent infringement suit in same district involving same patent.

2. Patents ⬅147—Reissue is invalid, if original patent is invalid for lack of invention (Comp. St. § 9461).

Under Rev. St. § 4916 (Comp. St. § 9461), reissue cannot broaden or add anything not included in original patent, and, if original patent was invalid for lack of invention, reissue is also invalid.

3. Patents ⬅328—Reissue patent, No. 15,824, for improvements in guide strips used in laying flooring, held invalid.

Reissue patent No. 12,824, for improvements in pattern and guide strips used in laying terrazzo and other flooring, held invalid.

In Equity. Patent infringement suit by the Traitel Marble Company against the U. T. Hungerford Brass & Copper Company. Bill dismissed.

Robert W. Hardie, of New York City, for plaintiff.

Darby & Darby, of New York City, for defendant.

GODDARD, District Judge. The suit is brought by the plaintiff against the defendant under reissued letters patent No. 15,824, dated April 29, 1924, issued to Seward Homer Calkins, and assigned to the plaintiff, the Traitel Marble Company, for improvements in pattern and guide strips. The bill of complaint alleges infringement by the defendant and asks for an injunction and accounting.

The answer denies infringement, and denies that said Calkins was the first and sole inventor of the alleged improvements in said reissued letters patent, and, as an affirmative defense, defendant's answer alleges that the said original letters patent were, in the Southern district of New York, held to be invalid for anticipation by the prior art in suits brought by the plaintiff herein against Louis De Paoli, Arthur Avon, and Frank L. Davis, respectively, and that, by reason of said original letters patent No. 1,371,857 having been adjudicated to be invalid and void for anticipation by the prior art, a reissue does not and cannot confer validity. And, as a further defense, defendant alleges

that the substantial and material parts of said alleged improvement was shown and described in various specified letters patent of the United States and foreign countries before the date of the alleged invention, and known to and used in public and placed on sale in the United States by the patentees thereof, and their assigns, for more than two years prior to the date of the filing of the application for the original letters patent.

[1] The pattern or guide strips, which are the subject-matter of plaintiff's alleged invention, are used in connection with the laying of terrazzo flooring and kindred industries, such as marble, mosaic, and tile work. It appears from the record in the cases of Traitel Marble Company v. Louis De Paoli, Same v. Arthur Avon, and Same v. Frank L. Davis, tried together, which has been offered and received in evidence, and from the opinion of Judge Bodine, and the decree, that Judge Bodine, sitting in the District Court for the Southern District of New York, rendered a decision in which he held that there was no invention disclosed in the original patent, and accordingly dismissed plaintiff's, the Traitel Marble Company's, bill of complaint. After discussing the original patent, No. 1,371,857, and its claims, and making comparisons with claims in other patents, Judge Bodine states at the end of his opinion (unreported decision of Judge Bodine of May 1, 1923):

"The foregoing is the refutation of the assertion that the McKnight disclosure is not an anticipation of everything disclosed by the plaintiff. A further cumulative reference to the prior patents seems unnecessary. The defendants may have a decree accordingly."

Judge Bodine's adjudication was that there was no invention disclosed in the original patent; it was not that its claims were too broad. No appeal was taken from his decision, and it seems to me must be regarded as the law in this district that there was no invention disclosed in the original patent.

[2, 3] The reissue patent, No. 15,824, cannot broaden or add something that was not included in the original patent. Section 4916, United States Revised Statutes (Comp. St. § 9461), which permits reissues, allows a patentee to limit the claims of the patent, or to correct any defect or error which occurred from inadvertence, accident, or mistake, but does not permit the injection of new subject matter into the patent. Therefore, if the original patent was invalid for the lack of the disclosure of invention, it follows that reissue patents would continue to be invalid.

It seems to me that the case at bar comes within the reasoning of Penn Electrical & Mfg. Co. v. Conroy (C. C. A.) 185 F. 511. Plaintiff's counsel has submitted several proposed findings of fact. In this circuit, it is not customary to make findings of fact. Moreover, in view of the above, it is unnecessary to do so in this case.

A decree may be entered, dismissing the bill in accordance with the above.