## ERIKSON v. FRINK CO., Inc.

(District Court, D. Massachusetts. December 10, 1926.)

No. 2754.

1. **Corporations ⪪668(15)—Foreign corporation held sufficiently engaged in business in state to make service on its local agents service on corporation (Gen. Laws Mass. c. 223, § 38).**

Foreign corporation, which solicited orders through local agents, compensated on commission basis, who transmitted orders to corporation for acceptance or rejection, and who had no authority to settle accounts or receive payments, *held* sufficiently engaged in business in state to make service of process on local agents service on corporation, in view of Gen. Laws Mass. c. 223, § 38.

2. **Corporations ⪪641—Statute providing for service on foreign corporations soliciting business and having place of business in state held valid (Gen. Laws Mass. c. 223, § 38).**

Gen. Laws Mass. c. 223, § 38, providing for service on foreign corporations engaged in or soliciting business and having place of business in Massachusetts, *held* not unconstitutional as applied to foreign corporation soliciting business within state, and alleged to be engaged in unfair competition with citizen of state.

3. **Patents ⪪327—Decree restraining patent infringement suits held res judicata in suit to restrain suits on reissue patent.**

Decree in patent infringement suit, in which defendant obtained injunction restraining plaintiffs from suing defendant's customers as infringers, *held* res judicata in suit to restrain suits against customers based on reissue patent.

4. **Patents ⪪147—Reissue of patent adjudged void for lack of invention is also void.**

Where original patent is adjudged wholly void for lack of invention, reissue patent is also void.

5. **Patents ⪪288—That alleged infringer intervened in infringement suit against its customer held not to preclude it from suing to enjoin original complainant.**

That manufacturer of alleged infringing device intervened in patent infringement suit against one of its customers in another district *held* not to deprive manufacturer of right to sue in district of his residence to enjoin complainant from interfering with manufacturer's business.

In Equity. Suit by Leonard Erikson against the Frink Company, Inc. On return of summons to show cause why a preliminary injunction should not issue. Preliminary injunction granted.

George K. Woodworth, of Boston, Mass., for plaintiff.

Dodson & Roe, of New York City, for defendant.

ANDERSON, Circuit Judge. This case came on for hearing on the return of a summons to show cause why a preliminary injunction should not issue, as prayed for in the bill filed on November 26, 1926. The defendant appeared specially by counsel for the purpose of pleading to the jurisdiction of the court. Its contentions have been ably presented, orally and on brief.

The plaintiff is a Massachusetts citizen; the defendant is a New York corporation, alleged to have a regular and established place of business in Boston, within this district. The officer's return shows service upon Daniel Fitts, as agent of the defendant, at 161 Summer street, Boston.

Parenthetically, this return was defective, for the real agent was Fitts-Morse, Inc. Counsel for the defendant have, in open court, waived any jurisdictional claim grounded on this defect, and have agreed that the return may be appropriately amended. A motion therefor has been accordingly filed and allowed.

[1] The jurisdictional question then is whether the service on Fitts-Morse, Inc., was legal service upon the defendant. The undisputed facts are as follows:

The defendant's name appears on the door of room 75 at No. 161 Summer street, and on the directory of the building. It is found in the Boston Telephone Directory. The defendant's circulars state that its Boston office is at 161 Summer street. Its advertising states that it has an office in Boston. Affidavits show that Fitts-Morse, Inc., or its officers, Fitts and Morse, have for several years been the defendant's representatives in Boston; that in this district they have solicited and obtained orders for business, and transmitted these orders to the defendant in New York, where they are accepted or rejected; that the goods shipped into Massachusetts are billed by the defendant from New York, and that remittances are made to

the defendant in New York; that Fitts-Morse, Inc., have no authority to settle accounts or to receive payments; that Fitts-Morse, Inc., is compensated by commissions, and not by salary; that no books of account or bank account are kept in Boston.

Turning now to the authorities: In St. Louis Ry. v. Alexander, 227 U. S. 218, 227, 33 S. Ct. 245, 248 (57 L. Ed. 486, Ann. Cas. 1915B, 77) Mr. Justice Day says that the Supreme Court has "decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by a foreign corporation, in such manner as to subject it to a given jurisdiction. In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process."

Another instructive opinion, also by Mr. Justice Day, is International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. The facts in that case are practically on all fours with the instant case. If distinguishable at all, the distinction is merely that the agent in Kentucky had authority to receive money or checks due the harvester company, but (as in this case) had no authority to make any allowance or compromise as to disputed claims. This difference as to a clerical detail has no legal significance. These two cases are nearly, if not quite, conclusive in the plaintiff's favor.

The question must also be considered in the light of the Massachusetts statute. Gen. Laws, c. 223, § 38. Compare St. 1913, c. 257, amending St. 1907, c. 332. This statute was construed by the full court of Massachusetts in Reynolds v. M., K. & T. Rys., 224 Mass. 379, 113 N. E. 413, in an exhaustive opinion by Rugg, C. J., in which most of the pertinent cases are reviewed.

That statute reads:

"In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general, instead of upon the commissioner of corporations and taxation under section three of chapter one hundred and eighty-one."

[2] As the defendant is engaged in soliciting business in this commonwealth, with a usual place of business for such solicitation, the statute, if constitutional, plainly brings the defendant within the jurisdiction of this court. This court of first instance ought not to hold it unconstitutional. The Massachusetts court held it constitutional, within the rule laid down in the Alexander Case, supra. And this decision was approved by the Supreme Court, per curiam, in 255 U. S. 565, 41 S. Ct. 446, 65 L. Ed. 788. There is no authority looking the other way, unless it be Davis v. Co-Op. Equity Co., 262 U. S. 312, 315, 43 S. Ct. 556, 557 (67 L. Ed. 996), an opinion by Mr. Justice Brandeis. But that case is plainly distinguishable. It was there held that a statute of Minnesota, broad enough to permit nonresident plaintiffs to bring, in the Minnesota courts, suits against railroads (interstate carriers) no part of whose lines were in Minnesota, and which had no place of business in Minnesota, except the usual so-called agency for soliciting business, was unconstitutional, as imposing an unreasonable burden upon interstate commerce. That statute undertook to give the Minnesota courts jurisdiction, "whatever the nature of the cause of action, wherever it may have arisen, and although the plaintiff is not, and never has been, a resident of the state."

But the scope of the opinion is carefully limited by the following:

"It may be that a statute like that here assailed would be valid, although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered upon within the state, or if the plaintiff was, when it arose, a resident of the state."

In the instant case the plaintiff is a resident of Massachusetts, and a competitor of the defendant for business in Massachusetts, as well as elsewhere; he simply seeks in the courts of his domicile to hold the defendant responsible for wrongful interference with his business.

In Maverick Mills v. Davis, 294 F. 404, Judge Morton, of this court, held the Seaboard Air Line Railroad subject to the jurisdiction of this court on facts more favorable to the defendant than the facts in the instant case. Apart from the desirability of uniformity of decision, I agree with the conclusion there reached.

Without elaborating the discussion, it must be held that the plea in abatement is bad, and that the motion to dismiss must be denied.

[3] As to the merits: The bill, duly verified, and the affidavits, show that the present de-

fendant (then named I. P. Frink, Inc.) in December, 1921, brought suit against Erikson in this court, alleging infringement of patent No. 1,007,498; that Erikson filed a counterclaim, praying for an injunction against Frink's suing and threatening to sue Erikson's customers as infringers of this patent; that after full trial Frink's bill was dismissed, on the ground that the patent was "wholly invalid"; that the counterclaim was sustained, and Frink enjoined from prosecuting, threatening, or instituting suits on said patent. The decree was entered on February 26, 1923, 16 F.(2d) 496. From it no appeal was taken. It became res adjudicata between the parties as to all matters involved therein.

But on April 21, 1923, over 11 years after the date of the original patent, Frink applied for, and on June 12, 1923, obtained, a reissue of patent No. 1,007,498, and in 1926 brought on this reissue an infringement suit in the Eastern district for New York against a customer of Erikson, and is now threatening like suits against other prospective customers, all to the great and irreparable damage of the plaintiff.

[4] Frink contends that the final judgment against him in a former suit in this cause goes for naught; that the reissue is, for all present purposes, a new patent, the validity and scope of which may be litigated anew against Erikson and all other parties, including Erikson's customers. Erikson contends that a reissue of a patent finally adjudicated as "wholly invalid" is void, and that consequently, under the doctrine of Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065, the Frink Company should be enjoined from prosecuting its suit in New York, and (generally) from using this void patent as a potent means of unfair competition.

Erikson's proposition, that a reissue of a patent conclusively held "wholly invalid" is itself void, was sustained by the Circuit Court of Appeals for the Third Circuit in a careful opinion by Circuit Judge Buffington in Penn Elec. & Mfg. Co. v. Conroy, 185 F. 511, and also by District Judge Goddard in the Southern district of New York in an opinion dated July 15, 1926. Traitel Marble Co. v. Hungerford Brass & Copper Co., 16 F.(2d) 495. The doctrine of these opinions is plainly applicable to the instant case. It seems sound. The original patent was not "inoperative or invalid, by reason of a defective or insufficient specification." R. S. § 4916 (Comp. St. § 9461). It was invalid, because it disclosed no invention. As said in the opinion of this court in January 23, 1923 (16 F. [2d] 496):

"The device is nothing but a rectangular box or cornice, with electric lights and reflectors inside and ground glass in the lower side, intended to throw softened and diffused light upon the counters in a bank."

There are abundant reasons why a patent on such a device, original or reissue, should be held void, and no legitimate basis for harrassing a competitor.

[5] The equities of the plaintiff's case are very plain. The defendant's conduct has no element of fairness or of good-faith assertion of legal rights, reasonably believed to be sound and enforceable. The fact that Erikson intervenes in the suit in New York against Erikson's customer does not debar him from his remedy here. Kessler v. Eldred, 206 U. S. 285, 290, 27 S. Ct. 611, 51 L. Ed. 1065.

The plaintiff is entitled to the preliminary injunction sought, enjoining the defendant from proceeding further with the infringement suit in the Eastern district of New York, from filing or threatening to file other suits based on the reissued patent, or otherwise using said patent as a means of unfair competition with the plaintiff.

Decree accordingly.