## HEWES & POTTER, Inc., v. MEYERSON.

District Court, S. D. New York. January 3, 1930.

Mock & Blum, of New York City, for the petition.

Fish, Richardson & Neave, of Boston, Mass. (Frederick P. Fish and Charles F. Perkins, both of Boston, Mass., of counsel), opposed.

WOOLSEY, District Judge. The petition to intervene is granted.

The plaintiff in this case is the owner of United States patent No. 1,419,137 and sues the defendant for alleged infringement thereof by the manufacture and sale of goods made under a license from the petitioner, S. Deiches & Co., an Illinois corporation, which seeks to intervene because—

1. In a litigation in the Seventh Circuit between it and the plaintiff's predecessors in interest the patent in suit was declared invalid for want of novelty. Hewes et al. v. S. Deiches & Co. (D. C.) 14 F.(2d) 1020, affirmed 24 F.(2d) 503 (C. C. A. 7), and

2. The defendant herein is a sublicensee of S. Deiches & Co. by the terms of a license agreement made under the Deiches patent, No. 1,481,539, with one Arthur W. Pithouse of Philadelphia.

This license agreement is annexed to the petition and contains a warranty of defense by S. Deiches & Co.

The goods made and sold under this license are the goods which the plaintiff claims infringe his patent.

The petitioner has been defending the suit, and now asks to come in and make actual a practice situation which has in effect existed for some time.

The petitioner, therefore, though not a necessary party, is certainly a proper party to this litigation. It seeks to intervene to protect its licensees and their goods made under its patent against an attack by a party whose patent it has defeated elsewhere.

The impression which a newcomer into the field of patents, like the writer, inevitably gets as he reads patent decisions, is that the patent jurisdiction of the federal courts is a kind of checker board with different rights and immunities in the different circuits. The result, apparently, is an amount of litigation which involves serious economic waste.

It seems to me, therefore, that in any patent case where it is possible to integrate a decision of one circuit with a litigation in another circuit, it should be done unless some controlling authority or rule forbids.

This is purely a practice motion, and consequently much that has been argued seems to me to be irrelevant to the question which I have to decide, which is: Whether I may, in the proper exercise of discretion, cf. Acme White Lead & Color Works v. Republic Motor Truck Co. (D. C.) 284 F. 580, permit the intervention of the petitioner.

After carefully considering the cases cited in the briefs of respective counsel, I find myself satisfied that orderly practice may be

subserved and, probably, additional suits prevented by allowing the intervention.

I agree with Judge Donahue's dissenting opinion in Wenborne-Karpen Dryer Co. v. Dort Motor Car Co. (Cutler Dry Kiln Co., Intervener) 14 F.(2d) 378 (C. C. A. 6). As I do not find any controlling decision in this circuit which prevents my following his dissenting decision rather than that of the majority of his court, I do so.

What steps may be taken by the intervener after it becomes a party to this case on entry of an order on this decision is not my concern now. Perhaps it may, by filing a cross-bill and invoking Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065, secure an injunction against the plaintiff comparable to the injunction granted in that case, or perhaps it may get a dismissal of the bill as did the patentees who intervened—with consent—in the case of Stoehrer & Pratt Dodgem Corp. v. Glen Echo Park Co. (Lusse Bros., Interveners) 15 F.(2d) 558 (C. C. A. 4).

By allowing this intervention, I feel that, at least, I am doing all I can to prevent having two or more cases grow out of a situation in which there is now only one. That, I consider, is good judicial husbandry.