## GENERAL RY. SIGNAL CO. v. UNION SIMPLEX TRAIN CONTROL CO., Inc.
### No. 1243.

District Court, D. Delaware.
Feb. 15, 1939.

Clifton V. Edwards (of Edwards, Bower & Pool), of New York City, and Hugh M. Morris and Edwin D. Steel, Jr., both of Wilmington, Del., for plaintiff.

Theodore W. Miller, of Chicago, Ill., and Harold B. Howard, of Wilmington, Del., for defendant.

NIELDS, District Judge.

After hearing on bill, answer and affidavits, this court enjoined Union Simplex Train Control Co., Inc. from further prosecuting a certain claim against the trustee in bankruptcy of Chicago & Northwestern Railway Company or against the railway company, and from prosecuting any claim or suit for infringement of Ruthven U. S. Patent No. 1,470,107, and from bringing or threatening to bring suits under that patent against any train control system made or installed by General Railway Signal Company which could have been litigated in an earlier New York infringement suit.

The matter is now before the court on final hearing after the taking of evidence.

The evidence developed no material facts at variance with those found by the court in disposing of the motion for preliminary injunction. The findings and conclusions of the court then made are fully supported by the present record and need not be restated. D.C., 23 F.Supp. 667.

Defendant contends that the facts of this case distinguish it from Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065. It takes exception to the following statement of the court on motion for preliminary injunction with respect to the New York Central installation involved in the New York infringement suit and the Chicago & Northwestern installation involved in this suit, viz: "There was no substantial difference between the systems. The difference was in one particular only. In the Chicago and Northwestern Railway system there was the obvious addition of an ordinary speed governor. They are so nearly the same that the court from the present record finds them, in legal effect, to be the same." [23 F.Supp. 669.]

This finding is fully substantiated by the evidence. The New York Central system is operated on what is known as the "intermittent inductive principle"; the Chicago & Northwestern on the "continuous inductive principle". In the New York Central system the condition of the trackway ahead is imparted to the engine at certain points on the right of way. In the Chicago & Northwestern system the condition of the trackway ahead is imparted to the engine at any point of the railway where the engine may be when the trackway condition ahead occurs.

In both systems, upon the occurrence of a caution condition the engine-carried circuit is opened and unless the engineer acknowledges the signal the electro-pneumatic valve controlling the air brake apparatus is deenergized and the brakes applied. If the engineer acknowledges the signal, brake application is prevented. If the acknowledgment is properly made the engineer thereupon assumes entire responsibility for the continuation of the train movement through the caution zone and is free to proceed without restriction. In the Chicago & Northwestern installation, acknowledging by the engineer likewise prevents brake application but a speed governor establishes a permissive speed limit. The train may proceed but under the speed limitation imposed by the system. If the engineer attempts to travel above

this speed limit the brake control contacts open and cause an automatic operation of the brakes. If the engineer fails to operate his acknowledging device at the caution point the automatic brake apparatus in both installations will stop the train.

The principal difference in operation between the two systems resides in the use of an ordinary speed governor. This does not make the Chicago & Northwestern installation different from the New York Central so far as questions of infringement of the Ruthven patent are concerned.

Other differences between the two systems to which defendant calls attention, such as the use of direct instead of alternating current, the use of an amplifying system, and the use of cab rather than wayside signals, call for no special consideration. They are all matters outside the disclosure of the Ruthven patent and are not pertinent to this discussion. The court repeats its finding that the systems installed on the Chicago & Northwestern and on the New York Central were in effect the same.

The plaintiff is entitled to a permanent injunction.

This opinion and the opinion on motion for preliminary injunction contain a statement of the essential facts and of the law applicable thereto in conformity with Rule 52 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

An order may be submitted.