ENRIQUE CATONI ET AL., Plaintiffs and Appellees, v. ANDRÉS AYBAR MUÑOZ ET AL., Defendants and Appellants.

No. 8451.   Argued June 17, 1942.—Decided July 7, 1942.

*Andrés* and *Luciana Aybar Muñoz, pro se. Manuel Rivera de la Vega* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

For twenty-four years, Andrés and Luciana Aybar, in a series of suits have alleged, without being able to prove so, that they are the sole heirs of Carmen, Manuela and María Carolina Smith Aybar and as such, owners of the house located at No. 10 San José Street in San Juan. For a complete and detailed account of the facts involved in said actions see *Aybar v. Vara,* 56 P.R.R. 409, 415, 416, in which, in dismissing as frivolous the last suit filed by the Aybars, it was said:

" . . . The appellants have maintained right along that a prominent lawyer in San Juan invented the defendants in order to defraud them, or has caused these four people to claim an inheritance which rightfully belongs to the plaintiffs. They also claim that all the wills, powers of attorney, and certifications of judgment of the Spanish courts in various testamentary proceedings, which have at different times been produced by the defendants' agent, are forged.

"The appellants have had ample opportunities to prove the charges of fraud and have never been able to do so. They have steadily raised the same questions, which have always been decided against them. We see no valid reason why the appeal should not be dismissed."

The mandate of this court in said case, dated May 6, 1940, had not yet reached the District Court of San Juan when Andrés and Luciana Aybar Muñoz filed a new suit, No. 34261, against the same defendants as well as against Enrique Catoni and his wife as successors in interest of the same, and against Rosendo Arean Moreno, as heir of Pilar Moreno Smith, another of the original defendants. In this new suit the Aybars repeated the same allegations which had been dismissed, in the previous suits, by the lower court as well as by this Supreme Court upon appeal. It should be noted that the plaintiffs upon commencing each suit filed a *lis pendens* in the Registry of Property of San Juan in regard to the aforementioned house.

At this point, defendants in the last suit filed in the lower court a petition for an injunction in which they prayed that Andrés and Luciana Aybar and their assignees or successors in interest be prohibited from continuing the said suit or in the future commencing or conducting, against the defendants or their successors in interest, any suit or proceeding whatsoever which directly or collaterally essays to challenge the validity of their proprietary rights over the said real estate.

The defendants demurred to the complaint, made a motion to strike, filed an answer, and after a hearing was held and the evidence introduced, the lower court rendered judgment for the plaintiffs and granted the injunction prayed for. From said judgment the defendants have taken the present appeal assigning three errors, to wit: 1, in approving the transcript of evidence, since it allowed stenographer Pérez to certify it when the one who performed at the hearing was Mr. Morales; 2, in admitting in evidence the deed of sale in favor

of Enrique Catoni since he no longer owned nor had any interest in the property, and 3, in admitting a new and unknown heir named Rosendo Arean Moreno.

The first assignment lacks merit. The transcript of the evidence which forms part of the record appears duly certified by stenographer José Morales Díaz, who performed at the trial. What has induced the appellants to error is that it also appears from the record that it was stenographer Carmelo Pérez who performed at the hearing for the approval of the transcript of evidence and took note of the amendments suggested and approved by the court and which later were made to the transcript.

The second assignment raises the same matter which the appellants have argued before this Supreme Court on motion and in answer to which the appellees have submitted briefs. The appellants ask this court to admit evidence which was not submitted to the lower court, and for the purpose of showing that Enrique Catoni was not the owner of the house on San José Street when this action was commenced. That this was a fact which should have been proved in the lower court is made clear by the appellants' allegation that when this action was commenced their attorney had in his possession a deed by virtue of which Mr. Catoni became the owner of the house. If we should take into consideration the evidence which the appellants now for the first time submit, we would be assuming the functions of a court of original jurisdiction in a case wherein such jurisdiction has not been conferred upon us by law. *Ramos* v. *Augy*, 60 P.R.R. 151. The second error assigned was not committed, nor the third, since the appellants admit in their brief that they joined Rosendo Arean Moreno as defendant, in his capacity as an heir, in the new suit filed by them, and this being the case, it was not the lower court which joined said party in the present suit, but, as the appellees' attorney stated it, he himself made him party plaintiff in the injunc-

tion petition because he represented him and because he had been sued by the appellants herein.

An incidental allegation of the appellants is that Attorney Manuel Rivera de la Vega did not prove that he had authority to represent plaintiff Arean Moreno. The appearance by an attorney, duly admitted to practice, is *prima facie* proof of his authority to represent the person in whose behalf he appears, the burden resting on the person who attacks said authority to show its nullity. *Claudio* v. *Palacio and Muñiz*, 29 P.R.R. 768. When such a representation is attacked the attacking party has the burden of overcoming such presumption. Nevertheless, in a proper case and upon a showing of just cause, said party may compel the attorney to show his authority. Weeks on Attorney at Law, cited in the case of *Asociación de Padres Capuchinos* v. *Court*, 44 P.R.R. 654, wherein a detailed and comprehensive study of the matter was made and the following rule was established:

" . . . When there are stated before a court facts showing or tending to show that an attorney is not authorized by his presumptive client to appear in court, the court is justified in demanding an exhibition of such authority. This power of the court can be exercised in ordinary proceedings as well as in those of a summary character. . . ."

In the case at bar the appellants never stated under oath anything which could have served as grounds for the lower court compelling the appellees' attorney to show that he was authorized to appear in behalf of all or any of them.

With this we might dispose of the case and deny the appeal since we have decided against the appellants the three errors assigned in their brief. However, taking into consideration that they have appeared *pro se,* and the fact that this is the first case of its nature that has been brought on appeal to this court, we shall proceed to consider and decide the only fundamental question involved in this action, that is to say, whether or not the writ praying that the defend-

ants be enjoined from litigating the same matters adjudicated against them in the several suits previously filed by them and which, as was decided by this court in the last one of them, are *res judicata* between the parties, should have issued.

The only defense raised by the defendants in the lower court against the petition for injunction was to the effect that the plaintiffs had an adequate remedy at law since they could interpose against the new suit the defense of *res judicata*. In deciding this matter, the lower court stated as follows:

" . . . If a new suit were allowed in order to again discuss who are the heirs of Carmen, Manuela and Carolina Smith Aybar and consequently the owners of the house on San José Street, nothing would prevent at its end and upon the complaint being dismissed again, a new action from being commenced and thus successively *ad infinitum.* It is true that in each one of them the plaintiffs herein could successfully raise the defense of *res judicata;* but that could never be an adequate remedy. Aside from the inconveniences, vexations and mental worries consequent to seeing themselves subjected to a series of endless suits and against which monetary compensation could never prove adequate, in the case at bar such compensation would be impossible due to the insolvency of the defendants Aybar Muñoz. The lack of advantage on the plaintiffs' part is manifest. While the defendants litigate without having to pay attorney's fees since they appear *pro se,* the plaintiffs have to incur in said expenses without any hope whatsoever of being compensated therefor. This is a clear case for the exercise of equity jurisdiction and the prevention of a multiplicity of suits which could have no other purpose than to abuse the plaintiffs, especially if we take into consideration that immediately after filing a new suit defendants Aybar always file a *lis pendens* with the registry of property which undoubtedly casts doubts as to the plaintiff's title. Equity, through writs of injunction, and for the purpose of preventing multiplicity of suits, has always intervened to protect judicially adjudicated rights."

The cases cited by the trial judge sustain his conclusion that the writ should issue.

Pomeroy in his work on Equity Jurisprudence, 5th edition (1941), volume 1, page 501, §253, states the general doctrine that equity will not interfere on behalf of the plaintiff to restrain the defendant from continuing an action against him until the plaintiff's title has been sufficiently established by the decision of at least one action at law in his favor. He makes clear, however, that "the court will interfere and restrain the defendant's further prosecution of successive actions at law, and will thus establish and quiet the plaintiff's right, when all the questions of law and fact involved in these actions have already been fully determined in the plaintiff's favor by some former judicial proceeding between the same parties."

One of the cases most frequently cited on the matter under consideration, is that of *Kessler* v. *Eldred*, (1906), 206 U. S. 285, in which the Supreme Court of the United States granted the injunction prayed for and said:

"Rights between litigants once established by the final judgment of a court of competent jurisdiction must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound thereby."

And in that of *Steinberg* v. *McKay*, (Mass. 1936), 3 N. E. (2d) 23, the same matter was raised as in the case at bar that the adequate remedy was the defense of *res judicata* and the court said:

" . . . He contends that the only and adequate remedy of the plaintiff is to defend the new action, setting up the prior adjudication if that is a bar. It is true, that substantial grounds of necessity must be shown, in order to induce a court of equity to deny to a litigant a right to prosecute an action at law and therein to have a jury trial, on the ground that the action is unmeritorious and vexatious. (Citations.) . . .

"In this case, however, there is nothing to try to a jury. The litigation instituted by the present defendant is not only without merit, but is part of a systematic harassment of the plaintiff by groundless suits. These case calls for equitable relief. (Citations.)" ·

And in the case of *Lane* v. *Rushmore* (N. J. 1938), 198 Atl. 872, cited by the lower court, the grounds for the doctrine were stated as follows:

"It would be intolerable to permit a suitor endlessly to litigate and relitigate his alleged grievance. At some point in the controversy he must accept the award of the court as final and conclusive, and that point is reached when a court of competent jurisdiction has heard and considered all that has been or could have been said by way of evidence and argument on the issues raised in the pleadings, and handed down its decision. (Citations.)"

Judge Story in the case of *Ocean Insurance Co.* v. *Fields,* 18 Fed. Cas. 532, succinctly stated the reason for the validity of this doctrine, when he said:

"It is for the public interest and policy to make an end to litigation, or, as was pointedly said by a great jurist, that suits may not be immortal, while men are mortal."

Andrés and Luciana Aybar have litigated and relitigated their alleged hereditary rights over house number 10 on San José Street several times. They have alleged frauds as having been committed by the several attorneys that have intervened in these suits. They have alleged the nonexistence and nullity of public documents executed in Spain and Puerto Rico. Never, and in not one of these suits, in spite of the fact that in their decision several judges of the District Court of San Juan have intervened since 1918, have they been able to prove their allegations and convince said magistrates that they are right. This Supreme Court dismissed the last of said suits as frivolous and because the matters argued therein were *res judicata.* Not content with this, the Aybar brothers sought to continue litigating the same matters previously adjudicated and began a new suit and filed a *lis pendens* in the registry. They have occasioned and they seek to continue to occasion expenses and losses to the defendants in said suits, since the there plaintiffs, defendants herein, are insolvent and litigate *in forma pauperis.*

We are of the opinion that, under the attending circumstances, the petitioners in this case have the right to ask that this situation be ended once and for all, and that, consequently, the lower court did not err in granting the injunction prayed for.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús did not participate herein.