**VERMONT STRUCTURAL SLATE CO., Inc., Plaintiff,**

v.

**TATKO BROTHERS SLATE CO., Inc., Defendant.**

Civ. A. No. 5587.

United States District Court
N. D. New York.

Oct. 17, 1956.

Whalen, McNamee, Creble & Nichols, Albany, N. Y., for plaintiff, David S. Williams, Albany, N. Y., John C. Blair, Stamford, Conn., of counsel.

James F. Sennett, Granville, for defendant, Maxwell E. Sparrow, New York City, of counsel.

FOLEY, District Judge.

The plaintiff moves for an injunction and a restraining order. The motion is an outgrowth of unusual grant of summary judgment by this court in favor of the plaintiff declaring a certain patent held by the defendant corporation as invalid for lack of invention. Vermont Structural Slate Co., Inc., v. Tatko Brothers Slate Co., Inc., D.C., 134 F.Supp. 4. This judgment was affirmed by the Court of Appeals, Second Circuit, Id., 233 F.2d 9. From this affirmance a petition for a writ of certiorari was filed by the defendant in the Supreme Court of the United States on September 24, 1956, (25 LW 3087) and is now pending for grant or denial of review. (Certiorari denied 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123).

The reason for the request for injunction at this time is that the usual injunctive clause against the defendant from bringing or threatening to bring actions against the plaintiff's customers or purchasers was omitted. The attorneys for the plaintiff state that such omission was an oversight and inadvertence.

▆▆▆ It seems clear that this court has the discretionary power to grant such injunction to effectuate its judgment and prevent harassment of the plaintiff's customers or purchasers by suits upon this patent which to the present time stands judicially invalid. See Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200. However, I do not think it wise or appropriate to do so at the present time.

The declaratory judgment was signed by me without the injunctive clause and such judgment without this relief was the one reviewed. This same judgment is the one upon which the writ of certiorari is based, and any change to it by amend- ment or insertion may cause at this time, in my judgment, unnecessary complications. Further, it is evident that the sole target of the injunction at this time would be the pending action in the United States District Court for the District of Maine, Southern Division, against which the restraining order is sought. Presently, this is the only action brought against a customer of the defendant and it seems better to wait until some of the dust settles and the Supreme Court passes upon the petition for certiorari before the general injunction is granted. It should be noted that Exhibit "A" in the moving papers, the injunction form submitted by the plaintiff for consideration inadvertently states: "to interfere with the business of the *defendant.*" (Plaintiff).

▆▆▆ As far as the restraining order is concerned, there seems to be much agreement between the parties as to the issues involved in the action sought to be dismissed. The defendant admits on page 5 of the Supplemental Reply Brief: "It is not questioned that Vermont Structural (Plaintiff) has a right to make or or have made for it Tatko pallets, but that does not give L. C. Andrew the right to make the Tatko pallet for his own use." The plaintiff admits that the defendant can sue alleged infringers who are not its customers and protected by the decree of invalidity in this Court. The sole question seems to be whether or or not Andrew, the defendant in Maine, has the right to make and use the pallets for his own use though such use is confined to the carriage and storage of Vermont Structural slate. This seems to be a factual proposition which I would rather leave to the Court in Maine. In Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 612, 51 L.Ed. 1065, which established the right to restrain harassing actions against customers, the terms "manufacturing and selling" and "by use or sale" are used in the questions answered affirmatively by the Court. It is arguable that such terms would not include the manufacture by a customer as here for his own use. I do not pass upon this

question as it is unnecessary to this decision. I shall not restrain an action in another court unless the right is absolutely clear and unequivocal. Again, I do not perceive too much harm to the plaintiff because a stay can be requested in the Maine Court of the trial of the action pending the completion of appellate review. Bechik Products v. Flexible Products, 2 Cir., 225 F.2d 603, 607, and the same motion for summary judgment as made here may be made in the Maine District Court.

In my judgment the plaintiff, although presently a victor, must in the interests of good order, bear its travail for the present time. Of course, if there is further undue harassment by the defendant, I shall entertain a motion for injunction again.

The motion as it requests permanent injunction is denied at this time, without prejudice to renewal, if the plaintiff be so advised, and the motion for the restraining order directing dismissal of the action in the United States District Court for the District of Maine is denied.

It is so ordered.