**VERMONT STRUCTURAL SLATE CO., Inc., Plaintiff,**

v.

**TATKO BROTHERS SLATE CO., Inc., Defendant.**

Civ. A. No. 5587.

United States District Court
N. D. New York.

Jan. 28, 1957.

See also, 147 F.Supp. 860.

Whalen, McNamee, Creble & Nichols, Albany, N. Y., for plaintiff David S. Williams, Albany, N. Y., and John C. Blair, Stamford, Conn., of counsel.

James F. Sennett, Granville, N. Y., for defendant, Maxwell E. Sparrow. New York City, of counsel.

FOLEY, District Judge.

The plaintiff renews its motion for permanent injunction. By Memorandum-Decision and Order dated October 17, 1956, I denied such relief at that time without prejudice to renewal. My main reason as stated in the decision was because the original judgment by me invalidating the patent and affirmed by the Court of Appeals, Second Circuit (Vermont Structural Slate Co., Inc. v. Tatko Bros., 134 F.Supp. 4, affirmed 233 F.2d 9) was still under review by the filing of a petition for a writ of certiorari in the United States Supreme Court. Since then certiorari has been denied, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123, and it should not be too controversial to state that at this stage the plaintiff has prevailed in this Circuit as to the invalidity of the patent as to itself and its customers.

To me there is little question but that this court has the inherent power to grant injunction in this type case and give some protection to the plaintiff outside of the hollow declaration of invalidity. Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; General Chemical Co. v. Standard Wholesale P. & A. Works, Inc., 4 Cir., 101 F.2d 178. The defendant keeps insisting it has no intention to harass the plaintiff and its customers, and if that be the fact the injunction will be harmless. The attorneys for the plaintiff have been eminently fair in this matter and now draw and submit the injunction in such form as to avoid interference with the pending action in the United States District Court for Maine, which possible interference was the main worry of the defendants.

The motion is granted and I shall sign the injunction as requested and in the form set forth in the brief of the attorneys for the plaintiff, dated January 11, 1957. A formal injunction in such form should be submitted for signature.