**ZOOMAR, Inc., Plaintiff-Appellant,**

v.

**PAILLARD PRODUCTS, Inc., Defendant-Appellee.**

**No. 346, Docket 24741.**

United States Court of Appeals Second Circuit.

Argued May 2, 1958.

Decided Aug. 18, 1958.

Louis H. Shereff, of Shereff Brothers, New York City, for plaintiff-appellant.

Harry Cohen, of Levisohn, Niner & Cohen, New York City (Edwin Levisohn, of Levisohn, Niner & Cohen, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.

CLARK, Chief Judge.

Plaintiff, assignee of patents Nos. 2,-454,686 and 2,718,817 involving varifocal lenses for moving picture and television cameras, appeals from an adverse judgment in an action for patent infringement. The court below held plaintiff's patents invalid for want of invention, insufficient disclosure, and excessively broad claims, and alternatively held that defendant's device did not infringe these patents. This involved all the claims of the first patent and Claims 1 and 3 of the second patent, these being the claims in suit. In addition, the court awarded judgment on defendant's counterclaim enjoining plaintiff from charging defendant's customers with infringement of the above patents. D.C.S.D. N.Y., 152 F.Supp. 328.

The basic patent in suit, No. 2,454,-686, is for an optically compensated variable focal length lens system useful in television and motion picture photography to vary the magnification of a continuously photographed or televised moving scene. Thus the cameraman may produce a continuous enlargement of the image without moving the camera from a fixed position. This "zoom" effect is accomplished by the simple expedient of moving two lens systems lineally in relation to three fixed lens systems. Of the three fixed systems, one, the front lens, focuses the camera on the object to be photographed and serves the same function as the ordinary front lens on any camera, and the third, the relay lens, relays the image to the focal plane. The second fixed lens—the so-called erector—and the two movable lenses are the heart of the Zoomar lens. They vary the magnification of the image as focused by the front lens while maintaining the image's sharp focus.

Plaintiff's second patent, No. 2,718,-817, is merely an improvement on the basic patent. By changing the structure of several of the individual lens elements and reducing the number of elements, it shortened the over-all length of the device, reduced its Petzval curve tendencies, and increased the light transmitted through the lens. The basic structure of three fixed lenses and two movable ones, which accomplish the "zoom" effects, remains the same in this later patent.

Prior to plaintiff's invention similar effects in motion pictures were achieved only by moving the entire camera toward or away from the object photographed, employing a dolly or traveling camera support, or by using variable focal length lenses utilizing complex mechanical devices which simultaneously increased the power of the camera lens and moved the film plane of the camera to correspond to the resulting shift in the lens's focal plane. There seems to be no question, as Judge Kaufman found, that the plaintiff's patents represented an important advance over either of these previous devices. But the judge also found that plaintiff's patents had been anticipated by the disclosures made in two earlier patents, Richter, No. 2,078,586 and Michel, No. 2,209,532. Those patents therefore require careful consideration.

The Richter patent, issued in 1937, dealt with a device for illuminating an object being viewed through a microscope. It discloses an arrangement of three lenses, similar to the "zoomar" component of plaintiff's patents, which Richter used to vary the cross sectional area of a cone of light beamed on the object plane of a microscope without moving the image of the light source or of the lamp condenser from a desired position where a uniform illumination of the entire area of the illuminated field

is achieved.[1] This effect—changing the magnification power of the lens while maintaining an unchanged focal plane—is essentially similar to that achieved by the Zoomar lens, and Richter similarly accomplished it by moving two lenses lineally in relation to a third lens. Since, however, uniform illumination, rather than a sharp focus, was the aim of the Richter device, it had no additional lenses corresponding to the front and relay lenses found on the Zoomar lens.

We need not decide whether, standing alone, Richter's disclosure of an optically compensated variable focal length lens system would constitute an anticipation of plaintiff's application of the device to motion picture and television cameras. For the Michel patent, issued in 1940, comes closer to plaintiff's invention. Michel's device for use in photomicrography employed a lens arrangement essentially identical to plaintiff's to take still photographs at varying magnifications of the image without changing the microscope objective or refocusing the instrument. Like the Zoomar lens, Michel's consisted of two lenses lineally movable in relation to three fixed lenses. All five lenses roughly correspond in position and function to the Zoomar lens components, the most significant difference being that the axis of the front lens in Michel (the microscope objective) was not in a direct line with the other lenses, and the light passing through that lens was reflected back to the other lenses by means of a mirror or semi-transparently silvered surface. Although the Michel device seems never to have been produced, we may not disregard it as an abandoned experiment in our consideration of the prior art. As the above described lens, with its varying magnification function, was only an incidental aspect of the complex Michel device, there is no necessary inference that defects in this lens were a cause of the abandonment. Picard v. United Aircraft Corp., 2 Cir., 128 F.2d 632, 635, certiorari denied 317 U.S. 651, 63 S.Ct. 46, 87 L.Ed. 524.

The test of anticipation, as the lower court correctly held, is whether "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains"—here, an ordinarily skilled lens designer. 35 U.S. C. § 103; American Stainless Steel Co. v. Ludlum Steel Co., 2 Cir., 290 F. 103. This concept of invention, particularly elusive where applied to a combination of known elements, is never susceptible of mechanical application. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; McClain v. Ortmayer, 141 U.S. 419, 427, 12 S.Ct. 76, 35 L.Ed. 800. But in this case the test is clearly met. Invention is more than recognition of latent qualities in prior art without any physical or objective change in that art. General Elec. Co. v. Jewel Incandescent Lamp Co., 326 U.S. 242, 66 S.Ct. 81, 90 L.Ed. 43; Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U.S. 11, 12 S.Ct. 601, 36 L.Ed. 327; and see dissenting opinion of L. Hand, J., Jungersen v. Baden, 2 Cir., 166 F.2d 807, 811, quoted in dissenting opinion of Frankfurter, J., Jungersen v. Ostby & Barton Co., 335 U.S. 560, 568, 69 S.Ct. 269, 93 L.Ed. 235. Here plaintiff's only objective or physical change of Michel's camera lens is the substitution of a motion picture camera for a still camera and aligning the front lens axis with the axis of the other lens systems. This modification "is wanting in any unusual or surprising consequences from the unification of the elements here concerned." Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra, 340 U.S. 147, 152, 71 S.Ct. 127, 130. Nor

---

1. Richter found uniform illumination to be most efficiently achieved when the so-called Köhler condition occurs—when an image of the light source lies in the front focal plane of the microscope condenser and an image of the lamp condenser lies in the rear focal plane of the microscope condenser.

does the simple adaption of the lens from still photomicrography to motion picture photography validate the Zoomar patent. For it is "settled law beyond the need of citation that the adaption of a machine for a new use does not entitle one to a patent if the idea of the new use is suggested by analogous art and invention may not be perceived in the adaption." Buffalo-Springfield Roller Co. v. Galion Iron Works Mfg. Co., 6 Cir., 215 F.2d 686, 688. And since the Patent Office did not consider the Michel and Richter disclosures when it approved plaintiff's application, there can be no strong presumption of validity from its action. See Georgia-Pacific Corp. v. United States Plywood Corp., 2 Cir., 258 F.2d 124.

Stressing the commercial success of the Zoomar lens, plaintiff relies on what it asserts to be a modified standard of invention under 35 U.S.C. § 103, as interpreted in Lyon v. Bausch & Lomb Optical Co., 2 Cir., 224 F.2d 530, certiorari denied Bausch & Lomb Optical Co. v. Lyon, 350 U.S. 911, 76 S.Ct. 193, 100 L. Ed. 799. The Supreme Court has not had occasion to interpret § 103 in this respect, and we have not definitively ruled on the question in this circuit. Nor need we do so in this case, for a strong inference of originality does not arise here from plaintiff's commercial success. Plaintiff's first patent followed only six years after the Michel device, and a shorter time after the development of anti-reflection lens coatings. And plaintiff's proof does not clearly show what portion of its considerable commercial success is attributable to its later improvement patent which is closely related to a non-accused lens of defendant's, the Pan Cinor 60, developed in the interval between plaintiff's two patents.

■ Because we hold that the prior art as evidenced in the Richter and Michel patents anticipates plaintiff's patents, it is unnecessary to reach the other grounds of invalidity found by the lower court. Plaintiff questions the propriety of the district court's injunction restraining it from prosecuting infringement suits against defendant's customers. But the judgment in this action is itself a bar to such suits. Bechik Products v. Flexible Products, 2 Cir., 225 F. 2d 603, 606–607. And the injunction here is clearly proper. See Helene Curtis Industries v. Sales Affiliates, 2 Cir., 247 F.2d 940; Kessler v. Eldred, 206 U. S. 285, 27 S.Ct. 611, 51 L.Ed. 1065.

Judgment affirmed.