UNITED STATES PIPE AND FOUNDRY COMPANY, Appellee,

v.

WOODWARD IRON COMPANY, Appellant.

No. 8932.

United States Court of Appeals Fourth Circuit.

Argued June 12, 1963.

Decided July 23, 1963.

John Gibson Semmes, Washington, D. C. (Semmes & Semmes, Washington, D. C., and Edmunds, Baldwin & Graves, Lynchburg, Va., on the brief), for appellant.

Peyton N. Finch, Jr., and Hugh P. Carter, Birmingham, Ala. (Woods, Rogers, Muse & Walker, Frank W. Rogers, Sr., Roanoke, Va., Jennings, Carter & Thompson, and Paul J. Ausbeck, Birmingham, Ala., on the brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and WINTER, District Judge.

ALBERT V. BRYAN, Circuit Judge.

This patent litigation is between the owner of a pipe joint patent, appellee United States Pipe and Foundry Company, and the licensee of an allegedly infringing patent, appellant Woodward Iron Co. Thus the integrity of the latter patent is at stake. It is owned by James B. Clow & Sons, Inc., not a party to this suit. But, nevertheless, its patent by the decree on review has in effect been invalidated—without hearing from Clow.

■■ Admittedly, a decision on the merits of a patent may be made in an action in which the patentee has not been impleaded. Obviously, however, where a patent is charged with obtruding upon an earlier one, the controversy is settled with desirable finality only if the respective owners of the patents are parties to the same suit. The adjudication then is conclusive not only upon the owners but as well upon their customers, and, semble, a fortiori, their licensees. Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co., 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 485 (8 Cir., 1960); Minnesota Mining & Mfg. Co. v. United States Rubber Co., 279 F.2d 409, 416 (4 Cir., 1960).

This desideratum was apparently attainable in the present controversy. For on the same day, November 16, 1960, that the instant action was begun, United States Pipe instituted suit in the Federal Court for the Northern District of Alabama against Clow alleging infringement of the former's patent by the Clow patent of which appellant Woodward is, as noted, the licensee. Before the hearings of the special master had been completed in the action here, the District Court in Alabama rendered its decision (February 19, 1962): that the United States Pipe patent was valid and infringed by the Clow patent. United States Pipe & Fdry. Co. v. James B. Clow & Sons, Inc., D.C., 205 F.Supp. 140.

An appeal was perfected by Clow to the United States Court of Appeals for the Fifth Circuit, and was pending when final judgment was entered in the District Court here on December 10, 1962. The Fifth Circuit issued its opinion February 6, 1963. It affirmed in part, reversed in part and remanded for further inquiry by the trial court upon an issue material in the appeal before us. James B. Clow & Sons, Inc. v. United States Pipe & Fdry. Co., 5 Cir., 313 F.2d 46. The pres-

ent appeal was not filed in our court until February 18, 1963.

 The question now is whether in these circumstances the trial court should have stayed this action until termination of the litigation in Alabama. Apparently neither party brought this point to the attention of the District Judge, although both litigants were aware of the Alabama proceedings. A decision there, where suit was contemporaneous with the instant litigation, might have saved United States Pipe and Woodward the expense and effort of suit in Virginia. Although, unless it intervened, Woodward would not have been heard in the Alabama suit, the adjudication in that action, it would logically appear, would have been binding upon Woodward, for as licensee it is privy to Clow. Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065 (1907); Cf. Triplett v. Lowell, 297 U.S. 638, 645, 56 S.Ct. 645, 80 L.Ed. 949 (1936).

In short, seemingly the Alabama court was the appropriate forum as a matter of economy as well as avoidance of multiple litigation. Avoidable, too, was the disquietude of a possible difference in decision, of the same issue, in litigation between the owner of one patent and the licensee of another, on the one hand, and between the two owners, on the other hand. The propriety and advisability of a stay of other actions, in deference to the suit between the two owners, was considered in Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., supra, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. Cf. Stark v. Wickard, 321 U.S. 288, 310, 64 S.Ct. 559, 88 L.Ed. 733 (1944); Landis v. North American Water Works & Elec. Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); International Nickel Co. v. Martin J. Barry, Inc., 204 F.2d 583 (4 Cir., 1953).

If the suit in the District Court should have been suspended, as we have just queried, then it would seem to follow that the judgment now on appeal ought to be vacated, and the prosecution of the action stayed until determination of the litigation between the two patent owners, United States Pipe and Clow, in Alabama.

However, this point was neither briefed nor argued before us, and the parties are entitled to a hearing on it prior to its further consideration and decision by us. To this end we will set the case for argument on that question alone at the next term of this court. The appellant and the appellee will file and exchange briefs on or before September 1st, 1963, and either party may file a reply within 15 days after receipt of its opponent's brief.

Order for Reargument.