**316**

Theodore C. GERNER, Plaintiff,

v.

WAREHOUSE SERVICE, INC.,
Defendant.

Civ. No. 64-306.

United States District Court
W. D. Oklahoma.

Sept. 14, 1966.

Johnston & Johnston, Oklahoma City, Okl., Harvey B. Jacobson, Robert F. Davis, Harvey B. Jacobson, Jr., Washington, D. C., of counsel, for plaintiff.

Cantrell, Douglass, Thompson & Wilson, Oklahoma City, Okl., for defendant.

## ORDER STAYING CASE

DAUGHERTY, District Judge.

Upon consideration of the Motion of the Defendant that this proceeding be stayed, the Court finds in its discretion and under the circumstances present in this case that such Motion should be granted. This Motion has been fully briefed by the parties.

The Plaintiff sued Mogg Industries, Inc., (Moog) and Warehouse Service, Inc., (Warehouse) in this Court for patent infringement. Moog is the manufacturer of the accused item and Warehouse is a customer of Moog as to the accused item. Venue was not present against Moog in this judicial district (28 U.S.C. § 1400(b)) so the plaintiff with the approval of the Court dismissed the action as to the Defendant Moog without prejudice. Suit was then filed by the Plaintiff against Moog in a court of proper venue which has resulted in a district court ruling in that jurisdiction that Moog is not infringing the patent of the Plaintiff as claimed in both cases by the Plaintiff. This ruling is now on appeal to the Court of Appeals.

It is agreed that if the said district court ruling in favor of Moog is reversed and an infringement finally declared as to the Plaintiff's patent then this action should proceed against Warehouse.

There is disagreement between the parties, however, as to the effect on this action if the said district court ruling in favor of Moog is affirmed and becomes final with the holding that Moog is not infringing the patent of the Plaintiff. The Plaintiff claims that this action will not be affected by this eventuality. The Defendant claims that such a result would constitute a bar to this proceeding either by the same being pleaded herein as a bar or by Moog enjoining the Plaintiff herein from proceeding against Warehouse as a customer of Moog with reference to the accused item.

The Court is inclined to look with favor upon the positions of the Defendant with reference to the above disagreement. This is based on the cases of Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Kerotest Mfg. Co. v. C-O-TWO Fire Equip. Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200; General Chemical Co. v. Standard Wholesale P. and A. Works, 101 F.2d 178 (Fourth Cir.1939);

Bechik Products v. Flexible Products, 225 F.2d 603 (Second Cir.1955); and Norton v. San Jose Fruit Packing Co., 83 F. 512 (Ninth Cir.1897).

Therefore, in the circumstances outlined above and in the discretion of the Court this case will be and the same is hereby stayed until the further order of this Court. Kerotest Mfg. Co. v. C-O-TWO Fire Equip. Co., supra. Counsel for Plaintiff will notify the Court of the outcome of the appeal in his action against Moog.