**Jacob L. KLEINMAN, Plaintiff-Appellee,**

v.

**Paul KOBLER, doing business as Kobler Shaver Co., Defendant-Appellant.**

No. 155, Docket 23780.

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1956.

Decided Feb. 20, 1956.

Paul Kobler, pro se.

Joseph Hirschmann, New York City, for appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

FRANK, Circuit Judge.

We think the plaintiff's patent patently invalid. The creation of a bulge in the skin unavoidably results from using more than one shaving-head. Even if we make the dubious assumption that the use of two or more heads (as better than one) constitutes invention, the fact is that the prior art discloses electric razors which employed, or were capable of employing, multiple heads. Since a bulge was inevitable, it is immaterial that no prior art patents intended to create one. General Electric Co. v. Jewel Incandescent Lamp Co., 326 U.S. 242, 249, 66 S.Ct. 81, 90 L.Ed. 43. Perhaps plaintiff's device yielded a size and shape of bulge preferable to what the prior art yielded; but the production of such a result is not invention. So plaintiff, we think, must lose this battle of the bulge.

This leaves, as the alleged invention, the lateral cutting. It appears in defendant's razor, and perhaps sufficiently in plaintiff's patent. But this element is also revealed in the prior art:

Gaiztarro Patent No. 787,482 relates to a multi-headed electric shaver. The trial judge found that it "could only cut the hair at the top surfaces" of the shaver-heads and not at the sides. True, as illustrated in the drawings of the patent, the shaver-heads are flat and perhaps could cut only on the top surface. However, the specifications point out that "The blade-holder is made up of two sets of rows of blades, the rows being placed on the same level or, *if preferred, the rows can be slanted a little from the center to the sides or vice versa.*" (Emphasis added.) Plaintiff asserted, and the trial judge found, that similarly inclined blades in defendant's razor result in side-cutting. We think therefore that the Gaiztarro French Patent anticipates the lateral cutting claims in plaintiff's patent.

In addition, the Aaron Patent No. 1,970,518 has a rounded cutting surface which we think approximates the defendant's inverted V-shaped shaverheads. The trial judge distinguished the Aaron patent on the ground that it was only for a single-headed shaver. Though this may have been relevant to the issue of the bulge, it did not sufficiently distinguish this patent with reference to plaintiff's claimed invention of lateral cutting. For merely to use two Aaron shaver-heads on a razor would clearly not constitute invention. The Aaron razor was capable of side-cutting and anticipated plaintiff's patent. Plaintiff's approach to invention is not even a close shave.

In the circumstances, we see no significance in the fact, found by the trial judge, that "four manufacturers, including Schick and Remington-Rand, Inc., two of the largest manufacturers, have procured licenses from the plaintiff." These are matters about which judges must not be too naive: To take a license, calling for small royalty payments, frequently involves less expense than prolonged litigation; besides, if the licenses are few, the licensees may deem it desirable to share a monopoly which will endure while the patent-owner frightens off other users.

As plaintiff's patent is invalid, we need not consider the infringement issue.

Reversed.