**FORMAL FASHIONS, INC., and Paul Kellner, Plaintiffs-Appellants,**

v.

**BRAIMAN BOWS, INC., Defendant-Appellee.**

**No. 65, Docket 30580.**

United States Court of Appeals Second Circuit.

Argued Nov. 15, 1966.

Decided Dec. 16, 1966.

---

James E. Birdsall, New York City, (Warner & Birdsall, New York City, on the brief), for plaintiffs-appellants.

Howard C. Miskin, New York City, (Emanuel R. Posnack, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.

MEDINA, Circuit Judge:

Disdaining the better mousetrap, appellant Kellner has invented a better cummerbund. His invention fills what he characterizes as the industry's long felt need for a universal size cummerbund. Previously, we are told, retailers were required to stock two different size adjustable cummerbunds but now, thanks to appellant's invention, a single size fits all.

But, as Justice Clark remarked in Graham v. John Deere Co., 383 U.S. 1, 19, 86 S.Ct. 684, 695, 15 L.Ed.2d 545 (1966), "[h]e who seeks to build a better mousetrap today has a long path to tread before reaching the Patent Office." The District Court found that the path selected by appellant was well worn and invalidated his patent under 35 U.S.C. Section 103[1] as "obvious." Judge McLean therefore found it unnecessary to decide whether appellee's accused device infring-

---

[1] "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

ed appellant's patent. We affirm. The record amply supports the conclusion that appellant's patent was anticipated by the prior art.

Appellant's "invention" operates on principles that can scarcely be described as novel. At each of the two ends of the open cummerbund are the two parts of a common buckling device which fasten to each other and thus hold the cummerbund on the wearer in the usual way ("cooperating means * * * for releasable securement"). Instead of being permanently fastened to the ends of the cummerbund, these buckle parts are equipped with rectangular loops through which the end of the cummerbund passes and is then folded back on itself and fastened. Thus the buckle part is held to the cummerbund by a loop in the fabric and in making the adjustment to accommodate those who are slim or otherwise the buckle part may slide along the fabric. If the folded back end of the fabric were permanently anchored, the cummerbund would fit only a single size but in appellant's invention the end may be attached at any one of a number of openings. The further the fabric is pulled through the buckle, the shorter the length of the garment becomes. This is accomplished by equipping the end of the fabric with a hook ("complementary securing means") and by equipping the inside of the cummerbund with a series of slits ("a plurality of longitudinally spaced parts") in the fabric into which the hook can be inserted ("adapted to receive for releasable securement"). Both ends of the cummerbund may be so adjusted.

Judge McLean conceded, perhaps too charitably, that this invention was both new and useful but found it "obvious" under the test of 35 U.S.C. Section 103 and Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

The key to the solution of this simple patent case lies in the further definition and application of the rules recently clarified in Graham for proving the issue of obviousness. The statute itself sets out what may be considered a specialized reasonable man test for obviousness and the host of decisions construing this Section have further filled out the characteristics of "a person having ordinary skill in the art to which said subject matter pertains." The proof on this issue, then, should tend to show what would be obvious to a hypothetical mechanic who, among other things, has the prior art in mind when he endeavors to solve the problem for which the patent is obtained.

■■ The test, as the Supreme Court has indicated, is objective, not subjective. To satisfy the ultimate legal test, we are to make the preliminary factual inquiries outlined in *Graham:*

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or non-obviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. 383 U.S. at 17–18, 86 S.Ct. at 694.

Judge McLean followed this formula to the letter. The prior art references that came under his careful scrutiny are the Goldin patent, No. 717,189 (1902), which discloses a belt whose length is adjustable in exactly the same manner as appellant's cummerbund; and several patents on adjustable necktie construction that disclose, singly or in combination, virtually all of the elements contained in appellant's cummerbund. Goldenberg, No. 2,-884,642 (1956) and No. 2,208,026 (1940), Richman, No. 2,501,741 (1950) and No. 1,791,638 (1931), and Mayer, No. 2,045,-280 (1935). When appellant's witnesses were confronted with the details of this prior art, their attempts to show significant differences between these references and appellant's cummerbund merely served to establish the fact that there are no significant differences. Of course there are differences. Some use snaps instead

of hooks, some encircle the neck instead of the abdomen and some have only a few adjustments instead of many, but it is perfectly evident that appellant's patent was fully anticipated by the prior art and, therefore, is invalid as obvious.

Appellant insists, however, that he has presented to the District Court the best possible evidence on the issue of obviousness through the testimony of Oscar Goldenberg. Goldenberg held some of the patents cited as a part of the prior art and had a financial interest in the infringing device of the appellee. He testified that there was a demand for a universal size cummerbund and that he had himself unsuccessfully sought to develop such a device over the years.

But it is apparent from what we have said that such subjective testimony can never be conclusive. While this testimony constitutes some evidence of non-obviousness, the legal test of obviousness cannot be resolved by the personal experiences of a craftsman who may or may not have done more than dabble with the problem and who may or may not have had the prior art in mind when he did address himself to the problem. Appellant's argument is precisely the same as the argument rejected by the Supreme Court in Calmar, Inc. v. Cook Chemical Co., decided sub nom. Graham v. John Deere Co.:

> Cook Chemical insists, however, that the development of a workable shipper-sprayer eluded Calmar, who had long and unsuccessfully sought to solve the problem. * * * [But] these factors do not, in the circumstances of this case, tip the scales of patentability. 383 U.S. at 35–36, 86 S.Ct. at 703.

Appellant further offered the usual secondary evidence that the particular "invention" before the court filled a long felt need in the particular industry and had become a commercial success. But once it has been established by the prior art references that the difference between the patent in suit and this prior art is as insubstantial as it is in this suit, such secondary evidence cannot be held to demonstrate lack of obviousness. Judge McLean's handling of these contentions was entirely proper under the procedure established by *Graham*.

It is of significance that the prior art references relied upon by Judge McLean were not before the Patent Examiner who approved appellant's application. This Circuit has repeatedly held that this fact detracts from the presumption of validity of a patent. Lorenz v. F. W. Woolworth Co., 305 F.2d 102 (2 Cir. 1962); Zoomar, Inc. v. Paillard Products, Inc., 258 F.2d 527 (2 Cir. 1958).

In short, the record contains abundant support for the conclusion that appellant's patent was anticipated by the prior art to such an extent that 35 U.S.C. Section 103 precludes a finding of validity.

Affirmed.