James G. **KERR**, Plaintiff-Appellant,

v.

**STATE FARM LIFE INSURANCE COMPANY, State Farm Fire and Casualty Company, and State Farm Mutual Automobile Insurance Company, Defendant-Appellees.**

No. 184, Docket 30588.

United States Court of Appeals
Second Circuit.

Argued Jan. 25, 1967.

Decided Feb. 10, 1967.

Garo A. Partoyan, New York City, for plaintiff-appellant.

Elmer S. Utzler, Christy, Parmelee and Strickland, Pittsburgh, Pa. (Kane, Dalsimer, Kane & Smith, New York City, on the brief), for defendant-appellees.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN, District Judge.*

FREDERICK van PELT BRYAN, District Judge.

James G. Kerr, the holder of United States Patent No. 2,557,875 issued on June 19, 1951, appeals from a judgment of the Eastern District of New York dismissing his suit for infringement after trial before Judge Dooling without a jury.

The patent in suit is on a "transfer assembly" consisting of a sheet of carbon paper and a sheet of copy paper preassembled as a copy-set for convenient use in typing. The point of the invention claimed is that the two sheets are fastened together near the top by dots of frangible adhesive so that the carbon transfer sheet which extends below the bottom of the copy sheet can be readily pulled out and disposed of when the typing is completed without disturbing the alignment of the typed original and copy.

The record below amply supports Judge Dooling's holding that claims 1 to 4 of the patent (the claims alleged to have been infringed) were invalid because the nonobviousness test of § 103 of the Patent Act of 1952, 35 U.S.C. § 103, was not met. That section provides that a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

Since Judge Dooling's decision the Supreme Court has spoken on the scope and effect of § 103 in companion cases —Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), and United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966). This court has also decided two cases concerning the application of that section. Formal Fashions, Inc. v. Braiman Bows, Inc., 369 F.2d 536 (2d Cir., Dec. 16, 1966); Ling-Temco-Vought, Inc. v. Kollsman Instrument Corp., 372 F.2d 263 (2d Cir., Jan. 20, 1967). We find nothing in these cases which casts doubt on the correctness of the District Court's careful findings and conclusions on the issue of obviousness under § 103.

The District Court made the factual inquiries necessary to resolve that issue as outlined in the Graham case. 383 U.S. at 17–18, 86 S.Ct. at 684. It determined that the prior art as disclosed by previous patents anticipated all of the elements used in the four claims at issue, that the combination of these elements was not novel, and that at the time of the claimed invention the subject matter would have been obvious to a person having

---

* Of the Southern District of New York, sitting by designation.

ordinary skill in the art. None of the secondary considerations relied on by the patentee, such as the degree of commercial success of the claimed invention and the number of licenses taken out under the patent, were sufficient to demonstrate nonobviousness under the facts of this case.

We affirm the holding below that claims 1, 2, 3 and 4 of the patent in suit are invalid as "obvious" under § 103. Thus we need not consider whether these claims are also invalid because they claim more than the alleged invention as the court below further held.

Affirmed.