**MOCK FASHIONING ASSOCIATES,**
**a co-partnership, Plaintiff,**

**v.**

**The MANHATTAN SHIRT COMPANY,**
**Defendant.**

**No. 64 Civ. 78.**

United States District Court
S. D. New York.

July 7, 1967.

stitched fashion marks simulating the fashion marks of a full-fashioned garment without, however, requiring the expensive machinery and labor that such a garment would require. In other words, the patented garment, by the use of mock fashion marks, i. e., an imitation of the fashion marks of full-fashioned garments, gives the appearance of a more expensive garment. The patentee claims that in addition to the appearance, the chain stitching and the slightly puckered effect along the sleeve and body along the lines of the chain stitching, provide not only a full-fashioned appearance but that there are certain substantial advantages—(1) shape control, and (2) the restraining of transverse expansion of the knitting in and around the armpit, thus preventing the garment from sagging in this area.

There is no doubt that the defendant's garments are a substantial imitation of the plaintiff's patented garment. However, the defendant is justified in stating that the plaintiff's alleged invention is not patentable and that all of its elements were well known in the prior art. Any person familiar with the prior art could readily have practiced this alleged invention.

A case almost directly in point is Scott & Williams v. Aristo Hosiery Co., Inc., 300 F. 622 (1924), in which Judge Learned Hand wrote an opinion when he was a District Court Judge. His decision was affirmed by the Circuit Court of Appeals for the Second Circuit in 7 F.2d 1003 (1925). In its opinion the Court of Appeals said that "[m]ere novelty or attractiveness of shape or form by imitation only does not present that technical ingenuity to rise to patentable invention", citing Harmon Paper Co. v. Prager (C.C.A.) 287 F. 841. The Court also added that to produce an imitative result is not patentable.

In short, the plaintiff has failed to sustain the claim that it has a valid patent and that it was infringed. The defendant is correct in stating that all

Goldfarb & Chalson, New York City, for plaintiff, Kenneth S. Goldfarb, Stamford A. Chalson, New York City, of counsel.

William R. Liberman, New York City, for defendant.

### Preliminary Statement

PALMIERI, District Judge.

This is a patent infringement case. The subject matter of the patent is a cut and sewn garment which has the appearance of a so-called full-fashioned garment. It is a knit sweater with

the elements of the alleged patent were known to the prior art and that the plaintiff's combination of these elements does not constitute a patentable invention. The defendant's expert was correct in concluding that the mock fashion marks have no purpose other than ornamentation. The alleged strengthening of the armpit area, if it exists, is a fortuitous result based upon knowledge in the prior art and does not make the garment patentable.

The findings of fact and conclusions of law which follow are intended to supplement and amplify what has already been said.

## FINDINGS OF FACT
### The Parties

1. Plaintiff is a co-partnership organized under the laws of the State of New York, comprising David Guttman, Allan Guttman, Max M. Guttman, Nathan P. Guttman, George Damasheck, Freda G. Palmer and Howard P. Feinberg, Esq., an attorney having offices at 8 Wynmore Road, Scarsdale, New York. These persons are all related by blood or marriage except the attorney Howard P. Feinberg.

2. Defendant The Manhattan Shirt Company is a New York corporation having its principal place of business at 1271 Avenue of The Americas, New York, New York.

### The Patent in Suit

3. The patent in suit, No. 2,792,572, was granted on May 21, 1957, to Samuel Rosenbaum, Lawrence Harvey and Richard Harvey. It was assigned to a corporation owned and controlled by certain plaintiffs and assigned by the corporation to the present plaintiffs for no more consideration than the cost of securing of the patent. The patent is the only asset of the plaintiff joint venturers.

4. The single claim of the patent in suit describes a knit sweater in which a sleeve is attached to the body by a sleeve encircling seam and a pair of lines of chain-stitching is provided extending along opposite sides of the seam and parallel thereto.

5. Plaintiff's witness A. Guttman testified that the chain-stitching in the patented sweater performs two functions: (1) the stitches give the appearance of a full fashioned sweater; and (2) the stitches strengthen the garment by preventing sagging. Plaintiff presented no sweater made under the patent either by itself or any entity other than defendant.

### The Prior Art

6. Monarch British Patent No. 702,446 of January 13, 1954 discloses a knitted garment provided with a sleeve seam 4, 5 which connects a sleeve to the garment body. Stitching 6 and 7 extends along each of the opposite sides of the seam and are parallel thereto, precisely as in the garment shown in the patent in suit.

7. Plaintiff's witness A. Guttman admitted that the two lines of ordinary stitching 6 and 7 shown in the Monarch patent provide reinforcement of the arm hole area.

8. Moss patent No. 1,681,809 of August 21, 1928, discloses a knit sweater which includes reinforcing stitches 13. Plaintiff's witness A. Guttman admitted that these stitches 13 were chain stitches. This patent, not cited by the Patent Office Examiner, specifically teaches that chain stitches as 13 provide " * * * a very efficient means for preventing the stretching and sagging of the garment."

9. Monarch patent was cited as a reference in the application which matured into the patent in suit. In distinguishing the single patent claim over the garment shown in the Monarch patent, the patentees argued that the difference between the two rested on the fact that the stitching in the Monarch patent extended through two thicknesses of material.

10. Plaintiff's witness A. Guttman testified that the garment shown in Figs. 3 and 4 of the Monarch patent does not show fold-back lines of material which would indicate a double thickness of material.

11. Moore British Patent No. 547,839, not cited by the Patent Office Examiner, shows a knitted garment having full

fashion marks H parallel to the sleeve seam.

12. Plaintiff's witness A. Guttman admitted that the fashion marks H in the Moore patent were provided through a single thickness of material.

13. There is no evidence of commercial success of mock fashioned sweaters attributable to the alleged invention of the Rosenbaum, et al. patent No. 2,792,-572. No figures of industry sales were presented by plaintiff. Although sales of the sweaters may have been substantial this indicates no more than that the mock fashion became an acceptable fashion.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and over the subject matter. 28 U.S.C. §§ 1331, 1338.

■ 2. The patent in suit represents no invention over the prior art in the same field of activity. A patent may not be obtained if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. 35 U.S.C. § 103. Scott & Williams v. Aristo Hosiery, 300 F. 622 (C. A.2), aff'd 7 F.2d 1003.

■ 3. The mere addition of old chain stitches to do the job the art teaches in an old design arrangement is without significance. The fact that the chain stitches impart the appearance of a full-fashioned garment to the article constitutes mere imitation and does not render the garment patentable. Scott & Williams v. Aristo Hosiery, 300 F. 622 (C.A. 2), aff'd, 7 F.2d 1003.

■ 4. The presumption of validity of a patent as provided for in 35 U.S.C. § 282 has no persuasive value in this case because the Patent Office failed to consider pertinent art, such as the Moore and Moss patents. "This Circuit has repeatedly held that this fact (that prior art references now relied on were not before the Patent Examiner) detracts from the presumption of validity of a patent." Formal Fashions, Inc. v. Braiman Bows, Inc. (2d Cir., Dec. 16, 1966), 369 F.2d 536; citing Lorenz v. F. W. Woolworth, 2 Cir., 305 F.2d 102 and Zoomar Inc. v. Paillard, 2 Cir., 258 F.2d 527.

■ 5. The fact that five entities, accused as infringers of the patent in suit, paid plaintiff sums ranging from $100.00 to $3,500.00, does not substantiate the validity of plaintiff's patent. These payments were not based on quantities made and sold by the alleged infringers. They were all "lump sum payments" in the nature of nuisance payments to avoid the inconvenience and expense of litigation. Kleinman v. Kobler, 230 F.2d 913, 914 (2d Cir.).

■ 6. Patent No. 2,792,572 is invalid under 35 U.S.C. § 103 because the differences between the subject matter defined in the claim of the Rosenbaum, et al. patent and the prior art as represented by the Monarch and Moss patents are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corporation, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Graham v. John Deere Company of Kansas City; Calmar Inc. v. Cook Chemical Company; Colgate Palmolive Company v. same, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545.

The complaint is dismissed with prejudice, with costs to defendant.

Submit on notice proposed judgment consonant herewith.