George LERNER and Julius Ellman,
Plaintiffs-Appellants,

v.

CHILD GUIDANCE PRODUCTS, INC.,
and Questor Corporation,
Defendants-Appellees.

No. 50, Docket 76–7041.

United States Court of Appeals,
Second Circuit.

Argued Nov. 15, 1976.

Decided Dec. 22, 1976.

Paul J. Sutton, New York City (Barry G. Magidoff and Miskin & Sutton, New York City, on the brief), for plaintiffs-appellants.

Robert B. Russell, Boston, Mass. (Russell & Nields, Boston, Mass., Elias Messing, and Hays, St. John, Abramson & Heilbron, New York City, on the brief), for defendants-appellees.

Before LUMBARD, WATERMAN and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a December 24, 1975 order by Judge William C. Conner in the Southern District of New York dismissing plaintiffs' patent infringement complaint and invalidating their patent for obviousness under 35 U.S.C. § 103. The district court's opinion is reported at 406 F.Supp. 560. Having considered the appellants' several objections to the district court's finding of obviousness, we affirm.

The patent at issue covered a toy piano devised by a Dr. Clair Omar Musser in the early 1950's. Musser's was the first toy piano invented that produced a carillon-like sound; it could be mass produced to retail for about $10 a piano. The Patent Office granted Musser a patent in 1958, and the toy piano enjoyed some substantial commercial success during the early 1960's before going off the market.

In the early 1970's plaintiffs George Lerner and Julius Ellman came up with their own idea for a toy piano but soon learned that Musser had been granted a patent for an essentially identical piano in 1958. They therefore proceeded to locate Musser and to buy his patent from him for $1000 in August 1972. By that time, however, defendant Child Guidance Products, Inc.[1] had started marketing several toy musical devices that were quite similar to Musser's and to Lerner and Ellman's. Hearing of this possible infringement, Lerner and Ellman initiated this suit against Child Guidance for an injunction and damages. After trial, the district court found the patent invalid because the Musser device was obvious in light of the prior art at the time it was made. We see no error in this conclusion.

The defendants met their burden of establishing invalidity, see 35 U.S.C. § 282, with basic facts that were not disputed. Each allegedly patentable element of Musser's device was anticipated in prior patents, although the combination of these elements was new. Prior patents included a toy piano that sounded like a xylophone, a full-sized organ that generated carillon-like sound, and another keyboard instrument which contained a key and tone bar arrangement comparable to Musser's. We believe it was reasonable for the district court to conclude that any toy designer of ordinary skill might, with this prior art before him, see *David & David, Inc. v. Myerson*, 388 F.2d 292, 294 (2d Cir. 1968), have conceived the notion of a carillon toy piano and devised a structure along the same lines as Musser did. See generally *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).[2]

Additional support for the district court's conclusion was provided by the jury verdicts rendered earlier in the trial. On the issue of infringement, which by agreement of the parties had been tried first, the jury had found for the plaintiffs with re-

---

1. Child Guidance Products, Inc. is a wholly owned subsidiary of defendant Questor Corporation.

2. It appears that the district court may have erred in concluding further that Musser was aware of the carillon organ at the time he devised his toy. This is irrelevant, however, since obviousness does not turn on subjective considerations. *David & David, Inc. v. Myerson*, supra; see *Dann v. Johnston*, 425 U.S. 219, 229, 96 S.Ct. 1393, 47 L.Ed.2d 692 (1976).

spect to each of the defendants' devices. Since the key and tone bar linkages on some of the defendants' toys were not much more similar to the linkages on the Musser toy than to the linkages on the previously patented full-sized carillon organ, a finding of equivalence for infringement purposes implicitly undercut the validity of the Musser patent itself; claims of a patent must be construed in the same manner for determining validity as for determining infringement, see, e. g., *Fife Manufacturing Co. v. Stanford Engineering Co.*, 299 F.2d 223, 226 (7th Cir. 1962). Thus, it was proper for the district court to take the jury's verdicts of infringement into account in the course of deciding validity.

We do fault the district court's analysis in one respect, which is not material to our conclusion. Judge Conner assumed that the coincidence of Lerner and Ellman's independent development of a toy carillon piano similar to Musser's bolstered the finding that Musser's piano was obvious to one with ordinary skills in the art. Contemporaneous independent development can be evidence of obviousness, see, e. g., *Concrete Appliances Co. v. Gomery*, 269 U.S. 177, 185, 46 S.Ct. 42, 70 L.Ed. 222 (1925); *Continental Can Co. v. Old Dominion Box Co.*, 393 F.2d 321, 327 (2d Cir. 1968), but the probative value of a second development that occurs only after seventeen years have passed seems negligible to us. Nonetheless, the district court regarded this secondary consideration to be merely cumulative.

Judgment affirmed.