**V & S ICE MACHINE COMPANY, Inc.,**
Appellant,

v.

**EASTEX POULTRY COMPANY, Inc.,**
et al., Appellees.

No. 24031.

United States Court of Appeals
Fifth Circuit.

July 25, 1967.

Rehearing Denied Aug. 24, 1967.

**304**

Edward J. Calihan, Jr., and Anna R. Lavin, Chicago, Ill., William Van Dercreek, Dallas, Tex., for appellant.

James C. Wood, Chicago, Ill., James R. Cornelius, Jr., Lufkin, Tex., Lloyd W. Mason, Chicago, Ill., Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, Tex., of counsel, for appellees.

Before HUTCHESON, THORNBERRY and GOLDBERG, Circuit Judges.

HUTCHESON, Circuit Judge:

This appeal is from a dismissal by summary judgment of a suit claiming patent infringement. We reverse and remand.

The appellant, V & S Ice Machine Company (V & S), filed suit in the court below against Eastex Poultry Company (Eastex), charging infringement by Eastex of United States Patent #2,659,-212 (hereafter Patent 212) and United States Patent # 2,712,734 (hereafter Patent 734). Both patents describe an ice-making machine and blades or knives which revolve inside the machine to form flakes of ice. V & S has title to the patents by virtue of an assignment from its predecessor in title, Akshun Manufacturing Company (Akshun). Eastex has used in its plant at Center, Texas, the accused machines and blades purchased from appellee North Star Ice Equipment Company (North Star), which was permitted to intervene as the manufacturer of the accused devices.

North Star moved for summary judgment on the ground that the suit was barred by res judicata, alleging that the accused blades, designated Exhibits 1 and 2, had been the subject of a former action in the Seventh Circuit and therein were declared noninfringing of Patent 212. North Star Ice Equip. Co. v. Akshun Mfg. Co., 301 F.2d 882 (7th Cir.), cert. denied, 371 U.S. 889, 83 S.Ct. 185, 9 L.Ed.2d 122 (1962). In addition, North Star asserted that the blades do not infringe the claims of Patent 734, which was not involved in the former litigation but whose claims are similar in some respects to those of Patent 212. In answer to North Star's contention that the blades involved in the two proceedings are the same, V & S offered affidavits swearing to their dissimilarity. Holding that res judicata applied to preclude the suit, the district judge granted summary judgment for North Star.

On appeal by V & S, our task is to determine whether the district judge correctly decided that the accused blades, Exhibits 1 and 2, are the same as the ones adjudicated on the merits by the Seventh Circuit as noninfringing. If so, the prior decision plainly is binding on the parties to this suit, and res judicata will apply to support the summary judgment with respect to Patent 212. Kessler v. Eldred, 206 U.S. 285, 289, 27 S.Ct. 611, 51 L.Ed. 1065 (1907).

In 1957 the former action was instituted in the United States District Court for the Northern District of Illinois by North Star against Akshun, who was joined by V & S on appeal. North Star sought a declaratory judgment that Patent 212 was invalid and not infringed by the blades it used in the manufacture of its ice-making machines. The blades introduced in evidence at the trial were marked as Exhibit 21. The district court held that Patent 212 was valid and infringed by the use of the blades exemplified by Exhibit 21. On appeal, the Seventh Circuit affirmed the validity of Patent 212 but reversed the judgment of the trial court on the infringement issue. Thus there can be no contention, and V & S does not dispute, that blades identical to Exhibit 21 do not infringe Patent 212.

On May 17, 1963, approximately 14 months after the judgment by the Seventh Circuit, Akshun filed in that court a petition under F.R.Civ.P. 60(b) to vacate the judgment. The petition was

based principally on a charge of fraud on the part of North Star and an allegation of the existence of newly discovered evidence showing that the North Star machines actually had employed a blade different from that illustrated by Exhibit 21. North Star responded by producing blades labelled as Exhibit F which it insisted were the type of blades being used and which did not infringe Patent 212. On July 30, 1963, the petition was denied without further explanation.

On August 28, 1963, Akshun and V & S requested a rehearing on the petition to vacate judgment. In its order denying rehearing, which is in the record before us, the Seventh Circuit explained its reason for having initially denied the petition to vacate judgment. It was that Rule 60(b) provides that a motion thereunder based on fraud shall be made not more than one year after the judgment is entered. Hence, the court stated that "the petition of Akshun was *not timely* as it was filed more than one year after the date of the judgment of this Court." (emphasis added)

Exhibit 21 was not before the court below in the hearing on summary judgment.[1] However, North Star did enter Exhibit F into evidence. North Star represented to the district judge that the Seventh Circuit had held on the merits that Exhibit F did not infringe Patent 212. The district judge was asked to compare Exhibit F with the accused blades and to hold that Exhibit F and Exhibits 1 and 2 were the same. These exhibits were handled physically and compared by the judge who found them to be alike. On the basis, summary judgment was granted on the ground that the purported holding of the Seventh Circuit with respect to Exhibit F was res judicata to the issue whether Exhibits 1 and 2 infringed Patent 212.

On this appeal, V & S urges, as it did to the district judge, that he erred in relying upon Exhibit F to apply res judicata because in fact there has been no prior adjudication on the merits that Exhibit F does not infringe Patent 212. V & S further insists that the accused blades are materially different, with respect to the question of infringement, from Exhibit 21.

The record makes plain the judge's error in relying upon Exhibit F for res judicata. In the first place, it is undisputed that Exhibit F was never entered in evidence in the trial court in Illinois. In the second place, the record is abundantly clear, notwithstanding North Star's persistent assertions to the contrary, that the petition under Rule 60(b), the sole proceeding in which the Seventh Circuit had occasion to deal with Exhibit F, was denied for untimeliness and not on the merits.

The sole exhibit which the Seventh Circuit decided does not infringe Patent 212 is Exhibit 21. Thus that decision is res judicata only as to Exhibit 21, and not as to Exhibit F. The comparison to be made concerning the defense of res judicata then is between the accused blades and Exhibit 21, not Exhibit F on which the district judge relied. The judgment below therefore must be reversed for a determination whether the accused blades are identical to Exhibit 21.

Also the holding of the district judge that Patent 734 is not infringed by the accused blades undoubtedly was influenced by the erroneous belief as to the significance of Exhibit F since the judge thought that it had been held noninfringing by the Seventh Circuit. The judgment as to Patent 734 must be reversed.

The motion by V & S to convene a commission to investigate alleged fraud on the part of North Star is denied.

The summary judgement that the accused blades do not infringe either of the two patents is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

1. A photograph of Exhibit 21 was before the court.