consider it an inexcusable lack of cooperation.

It is possible, of course, that Officer Garcia could have expedited defendant's arraignment and thus prevented the first federal interrogation at that time. But it is the unreasonable delay in state process that allows federal officers to "get the goods" on an accused that is impermissible, Hayes v. United States, 10 Cir., 419 F.2d 1364, and not the failure of the state to take affirmative steps to delay federal interrogation. Federal interrogation prior to state arraignment is lawful. Cram v. United States, 10 Cir., 316 F.2d 542. The total circumstances shown in this case do not show an impermissible working arrangement between state and federal officers.

Affirmed.

**V & S ICE MACHINE COMPANY, Inc.,**
Plaintiff-Appellant,

v.

**EASTEX POULTRY COMPANY, Inc.,**
Defendant-Appellee,
North Star Ice Equipment Company,
Intervenor-Appellee.

No. 29516.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1971.

William VanDercreek, Tallahassee, Fla., Anna R. Lavin, Chicago, Ill., Tom B. Ramey, Jr., Tyler, Tex., Ronald L. Clower, Clower & Stanford, Dallas, Tex., for plaintiff-appellant.

James R. Cornelius, Jr., Lufkin, Tex., for Eastex Poultry Co., Inc.

James C. Wood, Lloyd W. Mason, Chicago, Ill., for North Star Ice Equipment Co.; Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, Tex., of counsel.

Before RIVES, AINSWORTH and MORGAN, Circuit Judges.

AINSWORTH, Circuit Judge:

V & S Ice Machine Company, Inc. brought this action against Eastex Poultry Company, Inc. for infringement of two United States Patents, Nos. 2,659,212 and 2,712,734, by the use of devices manufactured and supplied by North Star Ice Equipment Company. North Star intervened as a defendant. The District Court granted summary judgment for the defendants. This Court reversed in V & S Ice Machine Company v. Eastex Poultry Company, 1967, 381 F.2d 303. On remand, the District Court conducted a full trial and concluded once again that the accused devices do not infringe either patent, finding in addition that Patent No. 2,712,734 is invalid. From the Court's judgment in favor of the defendants V & S again appeals. Its principal contention is that the Trial Judge, in basing his judgment in part on previous litigation involving V & S and North Star in the Seventh Circuit,[1] misapplied the doctrine of collateral estoppel. We affirm.

V & S Ice Machine Company, an Illinois corporation, holds a number of patents on ice-making equipment. North Star Ice Equipment Company, a Washington corporation, manufactures and supplies ice-making equipment. The North Star devices accused of infringement in the instant case produce flake ice in bulk by rotating sharp tools within a cylinder against a thin sheet of ice formed on the cylinder's inner surface. The two V & S patents in suit cover devices claimed to do the same job in a similar way.

---

1. North Star Ice Equipment Co. v. Akshun Manufacturing Co., 7 Cir., 1962, 301 F.2d 882, cert. denied, 371 U.S. 889, 83 S.Ct. 185, 9 L.Ed.2d 122 (1962).

The present case represents the most recent phase—perhaps the culmination [2] —of a thirteen-year dispute between V & S and its predecessors in interest on the one hand and North Star and its customers on the other. We summarize here so much of the history of the dispute in the courts as is necessary to make the appellant's contentions clear.

On March 31, 1961, in a suit for declaratory judgment by North Star against V & S and its assignor of patent rights, the District Court for the Northern District of Illinois rendered judgment for V & S. The Court held, inter alia, that V & S Patent No. 2,659,212 (hereinafter "Patent 212") was valid and infringed by a tool of plaintiff's manufacture, as exemplified by a particular tool introduced in that action as "Exhibit 21." North Star Ice Equipment Co. v. Akshun Mfg. Co., N.D.Ill., 1961, 193 F.Supp. 844. The Court of Appeals for the Seventh Circuit reversed in part, holding that Exhibit 21 did not infringe Patent 212. North Star Ice Equipment Co. v. Akshun Manufacturing Co., 7 Cir., 1962, 301 F.2d 882, cert. denied, 371 U.S. 889, 83 S.Ct. 185, 9 L. Ed.2d 122 (1962) (hereinafter "the Seventh Circuit case"). The Court contrasted Patent 212 with Exhibit 21 as follows:

The application for Patent No. 2,659,212 * * * disclosed and claimed a particular knife for removing a thin sheet of ice in flakes from the freezing surface on the inside of an upright drum-type ice-making machine. The knives are carried on an arm revolving slowly around the freezing surface. Each knife has a horizontal leading portion with an edge adapted to score and form a groove in the ice. A plurality of knives, one above the other, is present to score the ice into a plurality of parallel-spaced grooves. Each knife also has a trailing portion riding in the groove previously formed by the leading portion. The trailing portion is tilted downwardly at an angle to the direction of movement to force the scored ice downwardly, breaking the bond between the ice and the freezing surface, and thus completing the ice-removal process.

* * * * * *

* * * We have before us plaintiff's Exhibit 21, a physical exhibit which illustrates the North Star ice-removal knives or tools. There is no leading portion to form or indent a groove in the ice sheet preparatory to and preceding the engagement of the inclined surface with the ice sheet. Instead, there is a simple flat surface sweeping the ice downwardly. Since all portions of the ice-attacking inclined plane extend into the sheet of ice for substantially 95% of the ice thickness, the tool has no portion performing the groove-forming function of the claims of [Patent 212].

301 F.2d at 884–885. From this comparison the Seventh Circuit concluded:

The function of removing ice with a cutter or blade was old before the patent in suit. What was patented is the particular means described for performing the ice-removing function. * * * In the instant case, the North Star tool completely lacks both the element of the leading, scoring, groove-forming edge and also its grove-forming function. Under such

---

2. The judgment appealed from includes the following provision:

V & S Ice Machine Company, Inc. and every person or concern in privity therewith be perpetually enjoined and restrained from bringing or threatening to bring any suit against North Star Ice Equipment Company or any of the customers, purchasers, lessees, licensees or agents thereof upon U. S. Letters Patent Nos. 2,659,212 and/or 2,712,734 alleging infringement of said patents because of the manufacture, sale, or use of substantially the same combinations of features embodied in ice making machines and parts thereof alleged to infringe, and held not to infringe, in either this Civil Action * * * or Civil Action No. 57 C 1223 in the United States District Court for the Northern District of Illinois, Eastern Division.

circumstances, we hold that the North Star knives did not infringe [Patent 212].

301 F.2d at 886.

Subsequently, V & S instituted the present action against Eastex Poultry Company in the District Court for the Eastern District of Texas. The complaint charged infringement by Eastex, using machines and blades made by North Star, of Patents 212 and No. 2,712,734 (hereinafter "Patent 734"). North Star was permitted to intervene on the side of Eastex. The Trial Judge held that res judicata applied to preclude the suit, referring to the Seventh Circuit case, and granted summary judgment for Eastex and North Star. On appeal another panel of this Court reversed, citing Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065 (1907). Noting that the Trial Judge had not ascertained that the accused devices were "identical" to the original Exhibit 21, this Court held that res judicata would not preclude the action unless such identity were found, and remanded for further proceedings. V & S Ice Machine Company v. Eastex Poultry Company, 5 Cir., 1967, 381 F.2d 303.

On remand, Judge Justice of the District Court for the Eastern District of Texas took additional testimony, examined the exhibits, and traveled with the Court to observe the accused devices in operation in commercial plants at Center and Nacogdoches, Texas. He did not find that the accused devices in the instant suit are identical in every respect to Exhibit 21. Instead, he made a long series of findings with respect to the accused devices which parallel those made by the Seventh Circuit with respect to Exhibit 21. Judge Justice's findings are summarized in finding 79:

> None of the North Star tools have any part that may be considered a scoring edge, which edge must be disposed in a plane normal to the axis of

the drum for the purpose of gradually, progressively penetrating into the ice with a straight-line motion where each part of the blade follows in the path of the preceding part of the blade, a function referred to as "scoring" a groove in the ice as explained in [Patents 212 and 734].

Judge Justice concluded:

> The accused North Star tools which are used in ice makers at Eastex Poultry do not infringe any claim of patent 2,659,212 because the accused tools each lack an essential element called for by the claims of said patent.

The Trial Judge proceeded to enter judgment for Eastex and North Star, holding that Patent 212 is not infringed by the accused devices, and that Patent 734 is both invalid and not infringed.

■ Such substance as exists to this appeal derives from another conclusion of law by Judge Justice:

> The North Star ice removal tools used in the ice makers at Eastex Poultry are of substantially the same structure, operate and function in substantially the same way and obtain the same results as the ice removal tools involved in [the Seventh Circuit case]; hence, since the prior litigation involved the same subject matter and the same parties, the aforementioned decision of the Seventh Circuit is res judicata as to the accused North Star tools herein.

It is apparent that "res judicata" in this conclusion refers to the rule also referred to in the federal system as the rule of "collateral estoppel" [3]. See generally, 1B J. Moore, Moore's Federal Practice ¶ 0.441[2] (2d Ed. 1965). The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, in a second action between the parties to the suit and their privies, the prior judgment operates as an estoppel as to "matters which were actually liti-

---

3. Though the conclusion might also be read to refer to the doctrines of bar and merger, we concur in and adopt the in-

terpretation given it by the parties on appeal.

gated and determined in the first proceeding." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597–598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

V & S contends that, inasmuch as the accused devices here were not found to be precisely identical to the accused device in the Seventh Circuit case, the question whether they infringe Patents 212 and 734 was not actually litigated and determined in the Seventh Circuit case, and hence the judgment is erroneous. The conclusion does not follow from the premises.

■ The last-quoted paragraph does suggest that the Trial Judge drew support from the Seventh Circuit decision for his conclusion that devices which do not score the ice do not infringe Patent 212. Appellant does not suggest that this conclusion is erroneous, and would be estopped from contesting it in any event by the Seventh Circuit decision. The question then becomes whether the Judge further relied on the Seventh Circuit decision for his findings with respect to the structure and function of the accused devices in the instant suit. If he did so rely, he was in error. V & S Ice Machine Company v. Eastex Poultry Company, 5 Cir., 1967, 381 F.2d 303; cf. Marcalus Mfg. Co. v. Automatic Paper Mach. Co., 3 Cir., 1940, 110 F.2d 304; Nash Motors Co. v. Swan Carburetor Co., 4 Cir., 1939, 105 F.2d 305. We conclude, however, that he did not. Appellant asks us to find, as a practical matter, that the Trial Judge conducted a full trial, complete with site visits, purely for the sake of form. We find the suggestion patently absurd. Judge Justice's findings respecting the characteristics of the accused devices are entitled to stand unless clearly erroneous. Fed.R.Civ.P. Rule 52(a).

■ In attempting to demonstrate that these findings are, in fact, clearly erroneous, V & S relies almost wholly on the testimony of its sole expert witness at trial, whom it characterizes as the only disinterested witness in the case.

A number of other witnesses testified, including one expert called by the Court. Appellant, a seasoned veteran of patent fights, must by now be familiar with the principle that the credit and weight to be assigned to expert testimony are matters entrusted to the sound discretion of the trier of fact. See Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88, 11 S.Ct. 720, 724, 35 L.Ed. 371 (1891); Dufrene v. Indemnity Insurance Co. of North America, 5 Cir., 1962, 303 F.2d 788, 789, cert. denied, 371 U.S. 868, 83 S.Ct. 131, 9 L.Ed.2d 105 (1962).

■ The remaining arguments advanced by appellant in connection with Patent 212 consist mainly of fanciful variations on the theme of collateral estoppel. We hold that the Trial Judge was warranted in ruling that the accused devices do not infringe Patent 212.

■ We do not reach the question whether the Trial Judge was similarly warranted in ruling that the accused devices do not infringe Patent 734, for we sustain his holding that the close similarity between certain prior patents (including Patent 212) and Patent 734 renders the latter invalid. See Waldon, Inc. v. Alexander Manufacturing Company, 5 Cir., 1970, 423 F.2d 91, 95; Beckman Instruments, Inc. v. Chemtronics, Inc., 5 Cir., 1970, 428 F.2d 555, 556–558. In an action for infringement, invalidity of the patent in suit is a good defense. 35 U.S.C. § 282. Where a patent covers matter described in a valid prior patent, the second patent is invalid unless the invention claimed therein is "substantially different from that comprehended in the first patent." Miller v. Eagle Manuf'g Co., 151 U.S. 186, 198, 14 S.Ct. 310, 315, 38 L.Ed. 121 (1894); see Southern Implement Mfg. Co. v. McLemore, 5 Cir., 1965, 350 F.2d 244, 247; Preformed Line Products Co. v. Fanner Mfg. Co., 6 Cir., 1964, 328 F.2d 265, cert. denied, 379 U.S. 846, 85 S.Ct. 56, 13 L.Ed.2d 51 (1964). Contesting the Trial Judge's conclusion that each of the claims of Patent 734 is invalid because of double patenting, the appellant cites

the statutory proviso that "[a] patent shall be presumed valid." 35 U.S.C. § 282. It is settled that, though the party seeking to establish invalidity bears the burden of proof, the presumption is rebuttable by competent evidence. See Zero Manufacturing Company v. Mississippi Milk Producers Ass'n, 5 Cir., 1966, 358 F.2d 853, cert. denied, 385 U.S. 841, 87 S.Ct. 93, 17 L.Ed.2d 74 (1966). Appellant makes no move to document its objection to the Trial Judge's conclusion by reference to any particular differentiating feature of Patent 734, and we find no basis for reversal.

Affirmed.